## LYDIA J. CUNNINGHAM
## v.
## CHRIS HANNEY ET AL.

1. HUSBAND AND WIFE.—Where the labor of a wife is performed for the husband, or is bestowed on his business, or in acquiring the products of his business or calling, the earnings from such labor belong to the husband; but where the labor is for another, or is in any kind of business carried on by the wife with the husband's assent, in good faith and not intended to shield the husband's property from his creditors, the wife may claim the profits or proceeds.

2. INSTRUCTIONS.—Where the question was whether a husband or wife was the proprietor of a hotel, and whether the receipts were in his or her business, an instruction, "the court instructs you for the plaintiff, that as a matter of law a married woman is entitled to her separate property and her own separate earnings and to all property purchased by her, of money earned by her, and to own, use and control such property, and it will not be liable to her husband's debts, nor is it liable to execution against her husband," is inaccurate. The instruction should have been so qualified as to limit its effect to such earnings as were not derived from labor performed for the husband, or bestowed on his business if the business in question was his business.

3. THE SAME.—Where the evidence clearly showed that whether the husband or the wife was the proprietor of the hotel, her services were of a very meritorious character, an instruction to the effect that neither the husband or his creditors have any claim on money paid for board where the wife appears to be the meritorious cause, is misleading.

APPEAL from the County Court of Mt. Pulaski county; the

Hon. HENRY M. SMITH, Judge, presiding.    Opinion filed
April 13, 1883.

Messrs. CRANDALL & LINEGAR, for appellant; cited R. S.
1881, Ch. 68, § 8.

Where labor of the wife is performed for the husband, or is
bestowed on his business, or in acquiring the products of his
business or calling, the earnings belong to the husband: Ha-
zelbaker v. Goodfellow, 64 Ill. 238; Flynn v. Gardner, 3 Brad-
well, 253.

WALL, J.  This was a trial of the right of property in certain
chattels levied upon to satisfy an execution.

The jury found for the claimant, and a new trial being de-
nied, the execution creditors bring the case here by appeal.
The claimant is the wife of the execution debtor, and the prop-
erty consists chiefly of a horse and cow, and sundry articles of
furniture used in a hotel in Mound City.   The claim is made
by the wife, on the theory that she was conducting the hotel,
with her own means and industry, independent of her husband,
and that these items of property were purchased by her, and
paid for from her earnings in this business.

There was conflict in the testimony as to the manner of con-
ducting the hotel, and whether the receipts in question were
in fact the earnings of the wife in and about her own separate
business, or whether they merely resulted in whole or in part
from her services as the assistant and helpmate of her husband,
who was by the execution creditors alleged to be the real pro-
prietor, and as such, entitled to the proceeds of the business.
We express no opinion as to the merits of the controversy,
but it is proper for us to say, that it is such a case upon the
evidence as to call for great accuracy in the instructions.

It is insisted by appellants, that the court improperly re-
fused an instruction asked by them, but we are of opinion the
substance of it was contained with sufficient clearness in other
instructions which were given, and that there is no error in
this respect.   At the instance of the claimant the court gave
the following:

"First. The court instructs you for the plaintiff, that as a matter of law a married woman is entitled to her separate property and her own separate earnings, and to all property purchased by her of money earned by her, and to own, use and control such property, and it will not be liable to her husband's debts nor is it liable to execution against her husband."

The act of 1869 provided that a married woman may receive, use and possess her own earnings and sue for the same in her own name, free from the interference of her husband or his creditors; and it follows as a matter of course that any property purchased by her with such earnings belongs to her as though she were unmarried. The Supreme Court, in the case of Hazelbaker v. Goodfellow, 64 Ill. 238, say that at the common law the earnings of the wife belonged absolutely to the husband; and the same rule applies under the act of 1869, where the labor is performed for the husband or is bestowed on his business, or in acquiring the products of his business or calling; but where the labor is for another, or is in any kind of business carried on by the wife with the husband's assent in good faith, and not intended to shield the husband's property from his creditors, the wife may claim the profits or proceeds. In this case, as already said, the central question was whether the husband or wife was the proprietor, and whether the receipts were in his or her business? This instruction was much too indefinite in referring to "all property purchased by her of money earned by her"; and as in a certain sense the money was earned by her, the jury were probably misled. The instruction should have been so qualified as to limit its effect to such earnings as were not derived from labor performed for the husband or bestowed on his business, if the business in question was his business.

The second instruction given for the claimant is subject to a similar criticism.

It is true that in the instructions given for the creditors the attention of the jury was called to this point, and perhaps if there were no other objection in respect to the instructions, we might say that as a whole series, considering those given on both sides, the law was fairly stated; and suppos-

ing the jury to possess the requisite intelligence and discrimination, the charge would not be misunderstood. Yet it must be confessed that, as often happens, under the practice of giving certain instructions *for the plaintiff*, and certain others *for the defendant*, the two sets of propositions would appear to the common reader to be in direct conflict, and not capable of being harmonized or regarded as limitations and qualifications on each other, and in their perplexity the jury might adopt one series and reject the other, as the legal basis of their verdict.

The sixth instruction given for claimant reads thus: "The court instructs the jury that the husband or his creditors have no claim on money paid for board where she appears to be the meritorious cause." It must be manifest that this proposition coming from the court in connection with the evidence showing that whether the husband or wife was the real proprietor, her services were of a very "meritorious" character, would inevitably mislead the jury; and it could hardly be expected that the qualifying propositions to be found in the series of instructions given on the other side would avert a verdict for the claimant.

This instruction should have been refused, or so modified as to include the limitation already stated.

No brief has been filed for appellee, and under the rules of this court the case might be reversed for that cause alone, but we have thought proper to examine the record, and finding these errors, to point them out so that they may not be repeated on another trial.

The judgment is reversed and cause remanded.

Reversed and remanded.