PEORIA, DECATUR & EVANSVILLE RAILWAY COMPANY

v.

CHARLES JOHNS.

*Master and Servant—Railroad Company—Negligence of—Engine out of Repair—Personal Injuries—Evidence—Instructions—Damages—Services of Wife to Husband—Sec. 8, Chap. 68, Starr & C. Ill. Stats.—Special Findings—Fellow-servants.*

1. The evidence in a given case being conflicting upon material points, the instructions should be accurate, or, taken as a series, the jury should thereby be correctly informed what the law is, as applicable to the facts proven.

2. A plaintiff in a personal injury case, to maintain his action, is not required to establish by the proof all the material averments in all the counts of the declaration; he need prove the material averments of one count only.

3. An instruction failing to require the jury to base their findings on the evidence, should not be given.

4. Nor one setting forth that a railroad company failing to keep in good repair and *safe condition* its engines and machinery, whereby one of its employes is injured, is liable therefor, such employe, when injured, being in the exercise of reasonable care and prudence.

5. In view of Sec. 8, Chap. 68, Starr & C. Ill. Stats., a wife is not entitled to payment for services rendered her husband, while ill through injuries suffered during the course of his employment; and in an action brought to recover from the employer therefor, the jury should not be instructed that the ministrations of the wife should be considered in the estimation of damages.

6. In the case presented, this court holds that a locomotive engineer and a laborer were not fellow-servants, in the sense that the master would not be liable for an injury to the latter, occurring through the negligence of the other.

7. The consequences of an engineer's neglect to report the defective condition of an engine are not assumed by a laborer accepting employment upon the road. He is not bound to inform himself whether such report has been made, or whether the engine was in good repair.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of Richland County; the Hon. W. C. JONES, Judge, presiding.

Messrs. HUTCHINSON & LYNCH and STEVENS & HORTON, for appellant.

Messrs. J. S. PRITCHETT, W. A. CULLOP, C. B. KESSINGER, and J. I. MOUTRAY, for appellee.

GREEN, P. J.   Appellee brought this suit to recover damages for personal injuries alleged to have resulted from the negligence of appellant in furnishing and using an engine worn and out of repair in hauling cars loaded with rails to be distributed along the line of its railway for the repair of track. The ground for recovery *is not* negligence on the part of the servants of appellant while operating and using the engine.

The amended declaration consisted of three counts, in each of which it is in substance averred that plaintiff was a servant of defendant, and while engaged in the line of his employment as a laborer, in unloading rails from a car to the ground, in the exercise of due care and caution, and without knowledge of the defective condition of the engine, which defective condition was then known to defendant, said engine was started and by reason of the defective condition the servants in charge thereof could not control its movement, or stop it, and by reason of such defects it pushed said car violently and forcibly against him, and thereby he was knocked down and his foot was caught between the wheel of the car and the track and was run over, mashed and injured.

In the first count, the specific defects averred are that the throttle-valve was out of repair, and steam escaped, and the pressure of escaping steam prevented the engineer from using the reverse lever in controlling and directing the engine. And the notches in the levers, used in starting, stopping, managing and directing the speed and motion of the engine, were so worn, broken and out of repair, that the same could not be controlled, managed or directed by the servants then in charge thereof.   In the second count, it is averred the throttle-valve, steam pipes and levers of the engine were out of repair; and in the third count it is averred the steam valves of the engine were so worn and defective that they leaked steam badly, whereby it became impossible for defendant's servants in charge thereof to control the motion of the engine.

Issue was taken and joined on the amended declaration, and the cause was tried thereon.   The jury found defendant guilty and assessed plaintiff's damages at $3,125.   Defendant's motion for a new trial was overruled, judgment was entered on the verdict, and it took this appeal.   We shall not discuss the question of fact involved except to remark the evidence is conflicting upon material points, and hence the instructions should have been accurate, or, taken as a series, the jury should thereby have been correctly informed what the law was as applicable to the facts proven.

Appellant insists that the trial court erred in giving several

instructions for plaintiff whereby the jury was misdirected to the injury of the defendant, and an unjust verdict was the result. Twelve instructions were given on his behalf, and all of them, except the second, ninth, tenth and eleventh, are claimed to be erroneous. The first of these instructions is not obnoxious to the objections made. The material facts averred in the declaration and necessary to be proven in order that *each count* should be maintained, are stated fully in the instructions, and the jury are told, if plaintiff has proven by the preponderance of evidence all these material averments, he is entitled to recover. This instruction in fact imposed a greater burden of proof upon the plaintiff to maintain his action than the law does, because by it all the material averments in all the counts were required to be established by the proof, in order that plaintiff could rightfully recover, whereas the law is that he need to have proven the material averments of one count only.

"The court should always instruct that if the facts involved in the issue are proved, reciting them, then they should find for the party in whose favor they shall find the facts." Frame v. Badger, 79 Ill. 442. In this instruction no prominence is given any particular fact involved, but the jury are directed if they find the recited material facts relied upon for recovery have been proven by a preponderance of the evidence, then they should render a verdict in plaintiff's favor.

The second instruction does not require the jury to base their findings on the evidence, and is erroneous.

We find no serious objections to plaintiff's third and fourth instructions, when viewed in connection with defendant's instructions given to the jury. The fifth instruction informs the jury if the railroad company failed to keep in good repair and *safe condition* its engines and machinery, and as a consequence an employe, in the exercise of reasonable care and prudence, is injured, the company would be liable. This is not the law as we understand it.

The sixth instruction, although not free from objection, is intended to inform the jury that plaintiff, who was a laborer

employed in unloading rails from a car, was not bound to inspect the engine, or inquire whether it was in good repair before engaging in the work assigned him, but had a right to do such work, relying upon the company to perform its duty and use reasonable care to furnish an engine suitable and safe for moving and operating the train. The jury doubtless understood this to be the meaning of the instruction.

The seventh instruction is objectionable for the same reason as the fifth. We do not think the jury were misled or misdirected to the prejudice of defendant by instructions eight and eight and one-half.

The twelfth instruction was clearly erroneous. By it the jury were told in estimating the plaintiff's damages and as an element thereof they could include the necessary expenses of nursing him. Plaintiff testified it was his wife who nursed him, and was permitted to further testify that her services for nursing him were worth $5 per week. He was under no legal obligation to pay for such services, nor had she the right at law to recover therefor. Sec. 8, Chap. 68, S. & C. Ill. Stats. provides: "Neither husband nor wife shall be entitled to recover any compensation for any labor performed, or services rendered for the other, whether in the management of property or otherwise." See, also, Hazelbaker v. Goodfellow, 64 Ill. 238; Cunningham v. Hanney, 12 Ill. App. 437.

The jury thus erroneously instructed might, and doubtless did assess as part of plaintiff's damages the sum of $5 per week from December to April 1st, in violation of law and to the injury of the defendant. It is also insisted on behalf of defendant that the court should have rendered judgment for defendant because of the special findings of the jury in answer to two written interrogatories submitted to them by the court. One was, "Was not the engine in good repair in the particulars mentioned, when it started on the road from defendant's shops at Mattoon for the work in question?" The other was, "If the engine became defective after it left the shops, was it not the engineer's duty to notify the master mechanic, and did he not fail to do so?" The jury answered "Yes" to each of these questions. But the special findings in answer to preceding

interrogatories of the series submitted to the jury, show clearly to us that the defective condition of the engine or its appliances, and not negligence in operating same by those then in charge thereof, was found by the jury to have caused the injury to plaintiff. The material question in this connection then is, was the negligence on the part of the engineer in failing to report to the master mechanic the condition of the engine, such negligence on the part of a fellow-servant of plaintiff as to relieve defendant from liability?

This question, in our judgment, must receive a negative answer. Conceding it to have been the duty of the engineer to so report the defective condition of the engine, and that he failed to do so, and hence it was not repaired, but in such defective condition was used, and its movements for that reason could not be regulated or controlled, and thereby plaintiff was injured, yet it can not be fairly insisted the relation of fellow-servant subsisted between plaintiff and the engineer at any time other than when plaintiff was actually co-operating with him in the same line of employment, or their usual duties brought them into habitual association, and with respect to the condition of the engine at the time of the injury or the neglect of the engineer to make such report, these were matters over and concerning which plaintiff had no right of supervision, and in respect whereof the relation of fellow-servant did not subsist between them.

The doctrine in regard to the liability of the common master is thus stated in N. C. Rolling Mill Co. v. Johnson, 114 Ill. 57: "That servants of the same master, to be co-employes, so as to exempt the master from liability on account of injuries sustained by one, resulting from the negligence of the other, shall be directly co-operating with each other in the same line of employment, or that their usual duties shall bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of a proper caution, the relation between the servants must be such that each as to the other, by the exercise of ordinary caution, can either prevent or remedy the negligent act of the other, or protect himself against its consequences."

In our judgment the consequences of the engineer's neglect to report the defective condition of the engine was not a hazard assumed by plaintiff when he accepted the employment of laborer, nor was he bound to inform himself whether such report had been made, or whether the engine was in good repair, but had the right to pursue his employment of unloading rails, and rely upon the appellant to perform the legal duty imposed upon it, to use reasonable care to furnish an engine safe and suitable to be used in moving and operating the train. Our views upon this branch of the case are sustained by the case last cited. U. S. Rolling Stock Co. v. Wilder, 116 Ill. 100; C. B. & Q. R. R. Co. v. Avery, 109 Ill. 314; Tudor Iron Works v. Weber, 31 Ill. App. 306. For the errors mentioned in giving instructions for plaintiff instructing the jury and admitting the evidence touching the nursing by plaintiff's wife, the judgment is reversed and cause remanded.

*Reversed and remanded.*