KAISER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. **PERSONAL INJURIES: Expert Testimony.** In an action for damages on account of personal injuries, where the plaintiff testified that his condition at the time of the trial was the same as when last examined by his physician and the physician testified that he could not tell whether plaintiff's injuries were permanent because he had not examined him lately, it was not error to permit the physician to answer the hypothetical question as to what plaintiff's chance of recovery was, if his condition was the same as when he last examined him.

2. ———: **Element of Damage: Nursing by Member of Family.** In an action for damages on account of personal injuries, the plaintiff, if successful, may recover the reasonable value of the nursing he received, though such nursing was from members of the family and rendered gratuitously.

3. **PRACTICE: Instruction: Ground Covered.** Instructions are properly refused, where the same ground was fully covered by those given.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Glendy B. Arnold* for appellant.

The wife and daughter, residing with plaintiff and part of his household and family, may have nursed plaintiff, but "such nursing involves no legal liability on his part, and therefore affords no basis for a claim against defendant as for expenses paid." Voorhies on Damages, p. 29, sec. 18. Goodhart v. Railroad, 177 Pa. St. 191, 35 Atl. 192; Buelterman v. Meyer, 132 Mo. 474, 34 S. W. 67; Ratcliff v. Lumpee, 82 Mo. App. 335; Wood v. Flanery, 89 Mo. App. 632; Doan v. Dale, 90 Mo. App. 87.

*A. R. Taylor* for respondent.

GOODE, J.—This plaintiff got a verdict for injuries received in boarding one of the defendant's street cars by the premature starting of the car before he had obtained a secure footing in it. The physician who attended him testified as to the condition the plaintiff was in when last examined and that he was suffering then from a concussion of the spinal cord and brain. He was asked if it was a permanent injury and said he could not answer that question because he had not examined the patient lately. The physician stated the visible symptoms resulting from the injury to the spinal

cord, chief of which was plaintiff's inability to bend or stoop. The physician was then asked what the plaintiff's chance of recovery was if that condition existed at the time of the trial. He answered that he thought there was not much chance for a complete recovery. The defendant objected and excepted to the question for the reason that the doctor had said already he could not predict as to the likelihood of a permanent injury, not having examined the plaintiff lately. Now the plaintiff himself testified that his condition at the time of the trial remained as it was when the doctor last examined him, and we think the hypothetical question as to the chance of recovery, if he was still in the same state, was a fair one.

During the confinement due to his injuries, plaintiff was nursed by his wife and widowed daughter who lived with him. The daughter was permitted to testify as to the reasonable value of the nursing, and this is assigned as error on the ground that the nurses were members of the household and of his family and, in the absence of an express contract to compensate them, their services are presumed to have been rendered gratuitously; therefore, the plaintiff could not recover their value as part of his damages. There is a conflict in the cases on this subject, and we find a decision in the Pennsylvania reports that nursing, under such circumstances, cannot be taken into consideration as an element of damages in an action by the injured party. Goodhart v. Railroad, 177 Penn. St. 1. But the weight of authority is the other way, and we have found the following decisions affirming the right of the injured party to recover the reasonable value of the nursing he received, though it was from members of his family and rendered gratuitously. Brosman v. Sweetser, 127 Ind. 1; Varnham v. Council Bluffs, 52 Iowa 698; Railroad v. Holman, 15 Tex. Civ. App. 16; Crouse v. Railroad, 102 Wis. 196; Copithorle v. Hardy, 173 Mass. 400. Joyce in his work on Damages says: "Although the services

in nursing are gratuitously rendered by a member of the family, there may be a recovery of the fair value of the services and the value of the wife's services may be recovered;'' citing in support of that text the cases we have cited above. 1 Joyce on Damages, sec. 256. In the same section the conflict of authority is noticed in these words: ''In some cases, however, it has been held that in the absence of an express contract to pay for services of wife or child in nursing a person who has suffered a personal injury, there can be no recovery therefor,'' citing the Pennsylvania case and Railroad v. Johnson, 43 Ill. App. 83. The case of Trapnell v. Red Oak Junction, 76 Iowa 744, seems to sustain the right to recover such damages. The precise question was decided in this State in Murray v. Railroad, 101 Mo. 236. That plaintiff was permitted by the trial court to recover the reasonable value of the attention and nursing given to him by ''ladies about the house,'' presumably relatives, the opinion says. The Supreme Court approved the ruling. The case was overruled in Cobb v. Railroad, 149 Mo. 609, 50 S. W. 894, but not on the point in hand. The point ruled to have been erroneously determined was that no expert proof of the reasonable value of services was necessary as the value was within the knowledge of men generally. In Smith v. St. Joseph, 55 Mo. 456, it was ruled that in an action by a husband for a negligent injury to his wife, the husband might not only recover the expense paid out for the nursing of his wife, but the reasonable value of his own attention to her. In Frick v. Railroad, 75 Mo. 542, a father was permitted to recover for his care and trouble in nursing his injured son. To the same effect are Buck v. Railroad, 46 Mo. App. 555 and Dunn v. Railroad, 21 Mo. App. 188. In these cases the recovering plaintiff was not the injured party but the husband or father of the party injured. They are certainly authority for the proposition that the ministrations of a father to his injured wife or child, given as a duty incident to the fam-

ily relation, may be recovered for in his action for damages sustained because of a negligent injury to his wife or child. The rule prevails that where services are rendered by one member of a household to another they are presumed, in the absence of proof of a special agreement to compensate for them, to be gratuitously given. The gift, however, is to the sufferer and not to the tortfeasor, according to reason and to most of the cases dealing with the question. If the plaintiff's wife and daughter nursed him because he was the head of the family, it can not fairly be supposed they were doing so for the benefit of the defendant. Plaintiff would have required the attendance of a paid nurse if his wife and daughter had not nursed him, and we think the gratuity was to him and that he is entitled to the benefit of it rather than the defendant. The weight of authority bears out that view.

Complaint is made of the refusal to grant two instructions requested by the defendant, one to the effect that the burden was on the plaintiff throughout the case to prove his injuries were due to the negligence of the servants of the defendant and the other that if the plaintiff's own negligence contributed to his injury, in whole or in part, the verdict should be for the defendant although the latter's servants were found to have been negligent. The court gave one instruction at the instance of the defendant directly telling the jury that the burden was on the plaintiff to prove his injuries were the result of the defendant's negligence and stating the particular acts of negligence of which the defendant must be found guilty to justify a verdict against it. There were other instructions given to the effect that if plaintiff attempted to board the car while it was in motion, or if he did not exercise ordinary care in boarding the car, the verdict should be for the defendant. Still another told them that if the car had not stopped or slowed down until it was almost stopped, when the plaintiff attempted to board it, but was going at a

rate of speed which made it dangerous to attempt to board it, he could not recover. These were the only aspects in which it could be contended the plaintiff was negligent in a way which might have contributed to his injury. Moreover, the jury were instructed that he must have been in the exercise of ordinary care when he got hurt to entitle him to recover. The refused instructions were fully covered by those given.

Finding no error in the record the judgment is affirmed. All concur.