ALEXANDER M. DANIELS *vs.* J. IRVING CELESTE.

Middlesex.   December 6, 1938. — May 8, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Damages,* For tort. *Husband and Wife. Joint Tortfeasors. Covenant,* Not to sue.

A husband cannot recover as a part of damages resulting from a personal injury the value of nursing services rendered him by his wife, a registered nurse, to bring about his recovery.

If the plaintiff in an action for personal injuries against one of two joint tortfeasors is found to have received full compensation for his injuries through a sum paid him by the other joint tortfeasor in return for a covenant not to sue, he cannot recover even nominal damages from the defendant.

TORT. Writ in the First District Court of Eastern Middlesex dated October 18, 1935.

On removal to the Superior Court, the action was tried before *Greenhalge,* J.

*J. W. Killam, Jr.,* for the plaintiff.

*J. F. A. Daly,* for the defendant.

DOLAN, J. On January 17, 1935, the plaintiff was riding as a passenger in an automobile which collided with a motor truck operated by the defendant. The plaintiff sustained personal injuries as a result of the collision and was taken to a hospital where he received medical and surgical treatment. On February 19, 1935, he was discharged from

the hospital and was taken in an ambulance to his home where he was confined to his bed for some weeks. Later he was "around the house" first with the aid of crutches and afterwards with that of a cane. He was unable to perform any work until the middle of August, 1935, and until 1936 could not do more than part time work. While at home the plaintiff was cared for by his wife, who was a registered nurse. The care included "back rubs," "alcohol sponges," and administering medication, massages and "lamp treatments" under the directions of a physician.

In April, 1936, the plaintiff gave a covenant not to sue to the representative of the operator of the automobile in which he was riding when injured, receiving as consideration $1,300. There was evidence which would warrant a finding that the plaintiff's loss of income, hospital, doctors' and dentist's bills arising out of the injuries exceeded that sum.

The case was tried to a jury. In the course of the trial the plaintiff excepted to the exclusion of the following question, propounded to his wife: "Now what is the fair value of a registered nurse's services for twelve hours' duty?" He also excepted to the denial of his request for an instruction that the "Fair value of nursing care rendered to the plaintiff by the plaintiff's wife is a proper element of damage to be considered by the jury."

In support of his contention that he may recover for such an element of damages, the plaintiff relies, in part, on the case of *Copithorne* v. *Hardy*, 173 Mass. 400, in which it was held that the mother of the plaintiff was properly allowed to testify what was a fair charge for services rendered by her to her adult daughter in consequence of the injuries involved; he also cites cases where recovery has been allowed for impairment of earning capacity, although the injured person's pay has been continued by his employer as a gratuity or as compensation for disability; and he relies upon cases in other jurisdictions in which a plaintiff has been permitted to recover the value of his wife's services in nursing him, the necessity for which was a result of the injuries sustained by him. See *Lake Erie & Western Railroad* v. *Johnson*, 191 Ind. 479, 484, 485; *Strand*

v. *Grinnell Automobile Garage Co.* 136 Iowa, 68, 70; *Kaiser*
v. *St. Louis Transit Co.* 108 Mo. App. 708, 712; *Missouri,
Kansas & Texas Railway* v. *Holman,* 15 Texas Civ. App.
16, 18; *Crouse* v. *Chicago & Northwestern Railway,* 102
Wis. 196, 205; *Beckert* v. *Doble,* 105 Conn. 88, 91. The
reasonable value of such gratuitous services by a person
not the husband or wife of the plaintiff was held recover-
able in the cases of *Englewood* v. *Bryant,* 100 Colo. 552, 554,
*Pennsylvania Co.* v. *Marion,* 104 Ind. 239, 244, *Brosnan* v.
*Sweetser,* 127 Ind. 1, 8, 9, and *Varnham* v. *Council Bluffs,*
52 Iowa, 698, 699. The reasoning upon which, in the
cases just cited, it was held that a plaintiff could recover
the reasonable value of such services rendered by his wife,
or for the value of such services rendered gratuitously by
others, is that the gratuity is to the plaintiff and that the
defendant is not entitled to the benefit of it, that he should
not be allowed to profit by reason of the loving care of a
wife, or that while such gratuitous service is a gift for the
plaintiff's benefit, it is one of the elements of his injury
and that he is entitled to the benefit of the gift. While we
accord those decisions respect, for reasons hereinafter
stated we do not follow them.

In *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512,
516, it is said: "The rule of damages is a practical instru-
mentality for the administration of justice. The principle
on which it is founded is compensation. Its object is to
afford the equivalent in money for the actual loss caused
by the wrong of another. Recurrence to this fundamental
conception tests the soundness of claims for the inclusion
of new elements of damage." It is settled that in an action
for personal injuries the reasonable value of necessary
medical and surgical care and of nursing is an element
of damage, but recovery may be had only if the plaintiff
has paid for such service, or has incurred a liability to pay
therefor, or, in the case of necessary future services, will
incur such a liability. The recovery is purely compensa-
tory. *Hunt* v. *Boston Terminal Co.* 212 Mass. 99, 100.
*Sibley* v. *Nason,* 196 Mass. 125, 131. *Driscoll* v. *Gaffey,*
207 Mass. 102, 108. *Cochran* v. *Boston,* 211 Mass. 171,

172, 173. *Goodhart* v. *Pennsylvania Railroad,* 177 Penn. St. 1, 14. *Jones & Adams Co.* v. *George,* 227 Ill. 64, 69. *Peoria, Decatur & Evansville Railway* v. *Johns,* 43 Ill. App. 83, 87. This principle has been recognized in several cases where the injured person was a married woman, and in which it is stated that while the husband is responsible for affording the wife necessary nursing and medical care, still the latter may bind her separate estate for such services, and, if she has herself paid or pledged her own credit for such services, she may recover therefor in her own action. *Braun* v. *Bell,* 247 Mass. 437, 440, 441. *Kenyon* v. *Vogel,* 250 Mass. 341, 344. *Cassidy* v. *Constantine,* 269 Mass. 56, 58. *Thibeault* v. *Poole,* 283 Mass. 480, 484.

In the present case, by reason of the marital relation, the plaintiff could not make a valid contract with his wife to pay her for the services in question. Nor could his wife sue the plaintiff to recover the value of her services. The plaintiff was under no obligation to recompense his wife for services as a nurse. G. L. (Ter. Ed.) c. 209, §§ 2, 6. See *Peoria, Decatur & Evansville Railway* v. *Johns,* 43 Ill. App. 83, 87; *Goodhart* v. *Pennsylvania Railroad,* 177 Penn. St. 1, 14.

In the case of *Copithorne* v. *Hardy,* 173 Mass. 400, the relation between the plaintiff and the person for the value of whose services she was permitted to recover was that of adult daughter and mother. This relationship is not analogous to that of husband and wife, and the mere fact of its existence does not support a conclusion that the adult daughter by the acceptance of the mother's services was not bound to pay their reasonable value. *Kimball* v. *Northern Electric Co.* 159 Cal. 225, 231. The cases relied upon by the plaintiff concerning allowance of compensation for impairment or diminution of earning power although the injured person has not lost any of his regular salary are not applicable to the facts in the case at bar. In those cases recovery is not permitted for loss of salary but is allowed for something apart and distinct, the impairment of the capacity to earn. *Doherty* v. *Ruiz,* 302 Mass. 145, 146.

We are of opinion that under the rules governing damages to which we have already referred, and the statutory

restrictions upon dealings between husband and wife, the plaintiff cannot recover for the services of his wife in nursing him, and that there was no error in excluding the evidence before referred to, nor in the refusal of the judge to instruct the jury that the fair value of such services constituted an element of damage for their consideration.

The only other exception of the plaintiff relates to an instruction or direction of the judge. In the absence of counsel the jury returned a verdict for the plaintiff "assessing damages in the sum of No Dollars and No Cents." In response to a question by the judge, it appeared that the jury intended to find that the plaintiff had already been fully compensated. The judge then stated, "Then I think you will sign the other verdict if that is your conclusion." Thereupon the jury signed a verdict for the defendant. The plaintiff excepted to this instruction or order of the judge. Where a plaintiff is injured by the negligence of two tortfeasors and gives to one, in return for a consideration, a covenant not to sue, the right of action against the other tortfeasor is not lost. Nevertheless, the plaintiff can have but one satisfaction, and in consequence, in an action against the second wrongdoer, the payment received for the covenant must be considered in mitigation of damages. *O'Neil* v. *National Oil Co.* 231 Mass. 20, 28–29. The verdict first returned by the jury indicated that they found negligence on the part of the defendant, but although there was evidence from which they could have found that the plaintiff did suffer damage in excess of the amount received in consideration for the covenant, the verdict showed that they were not convinced by this evidence, and that, as it was open to them to find, the damage suffered was not in excess of that consideration. Since in cases of negligence there is no such invasion of rights as to entitle the plaintiff to recover at least nominal damages (*Sullivan* v. *Old Colony Street Railway*, 200 Mass. 303, 308), it follows that the direction to the jury to find for the defendant was not error. The jury having found that the plaintiff had been fully compensated for his actual damage, he was not entitled to nominal damages.          *Exceptions overruled.*