PETER SLUCKUS *vs.* PHILIP FRAKTMAN.

Essex.    December 1, 1947. — February 5, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Joint Tortfeasors. Damages*, For tort. *Negligence*, Motor vehicle. *Practice, Civil*, Pre-trial report.

In an action with a declaration which originally contained two counts, one against each of two defendants charging him with negligent operation of an automobile in collision with the plaintiff, a pedestrian, and which, after the plaintiff had settled with one defendant, was amended by eliminating that defendant, a stipulation inserted in the pre-trial order before the amendment but after the settlement with the defendant who was eliminated thereby, to the effect that what had been received in the settlement should be deducted from any verdict recovered against the remaining defendant, was effectively modified by a statement later added to the order, that the plaintiff contended

that he was struck first by the automobile of the eliminated defendant "and then, after that accident was over," by the automobile of the remaining defendant.

An issue for a trial properly may be safeguarded by a stipulation inserted in a pre-trial order under the heading, "Remarks: Memorandum."

Instructions to the jury, at the trial of an action for personal injuries sustained when the plaintiff, a pedestrian, was struck by an automobile operated by the defendant, adequately and accurately covered the issue, whether the collision with the defendant's automobile was a separate accident from a collision of the plaintiff with an automobile operated by a third party and was caused by negligence solely of the defendant, or whether both collisions were one accident to which joint negligence of the defendant and of the third party contributed, and adequately ruled that, if the plaintiff's injuries were found to be due to joint negligence of both operators, a sum paid by the third party in settlement should be deducted from the amount of damages found to have been suffered by the plaintiff.

A finding that the operator of a taxicab was negligent was warranted by evidence of the circumstances in which, proceeding at night at a speed of from twenty-five to thirty miles per hour, he ran over a pedestrian who had been knocked down by an automobile which he had seen coming from the opposite direction, but whom he had not seen although his headlights were on high beam.

TORT. Writ in the Superior Court dated May 24, 1944.

The action originally was against two defendants, Peter Sensabella and Philip Fraktman, and the declaration contained two counts, one against each defendant, wherein it was alleged in substance that the defendant had negligently operated an automobile which had struck the plaintiff. The original pre-trial order described in the opinion was made on February 14, 1945. On March 15, 1945, a motion by the plaintiff to amend by striking the name of Peter Sensabella from the writ and declaration was allowed. The second memorandum described in the opinion was added on the pre-trial order on May 20, 1946. The action then was tried before *Collins*, J., and a verdict returned for the plaintiff in the sum of $7,500 on June 24, 1946. A motion by the defendant for a new trial was allowed, unless the plaintiff should remit $2,500 of the verdict. Such remittitur was filed.

Requests by the defendant numbered 9 and 13 are quoted in the opinion. Those numbered 15 and 16 were as follows: "15. If the jury finds as a fact that the plaintiff was

thrown over against the defendant's car at a time when the defendant was so close to the plaintiff that the defendant could not by the exercise of reasonable care have avoided hitting the plaintiff, then the jury must find for the defendant. 16. If the jury finds that the plaintiff was not injured in two separate accidents, then there is no evidence that any negligent act of the defendant was a proximate cause of the plaintiff's injuries or any of them and the jury must return a verdict in favor of the defendant."

*H. S. Avery,* for the defendant.

*T. H. Mahony,* (*D. S. Miller* with him,) for the plaintiff.

DOLAN, J. This action of tort was brought originally in the Superior Court for Essex County, by writ naming as defendants Peter Sensabella and the present defendant Fraktman, the operators respectively of automobiles by each of which the plaintiff was struck and injured on May 14, 1944. The plaintiff settled with Sensabella and discontinued as to him. The action against Fraktman was thereafter tried to a jury. After verdict the presiding judge ordered a new trial. The case was then transferred to Suffolk County and tried to a jury, another judge presiding. The jury returned a verdict for the plaintiff, and the case comes before us on the defendant's exceptions to the denial by the judge of certain requests for instructions and to one statement made by the judge in his charge. The only exceptions argued in the matter of the requests for instructions are those to the denial of requests 9, 13, 15 and 16. Exceptions to the denial of other requests not having been argued by the defendant are treated as waived. *Soscia* v. *Soscia,* 310 Mass. 418, 420, and cases cited.

The jury could have found the following facts. On May 14, 1944, at 12:15 A.M., the plaintiff was walking on the right hand side of Shawmut Avenue in Boston in the direction of Roxbury. When he reached the intersection of Shawmut Avenue and Dover Street he stopped and looked first to his left and saw an automobile approaching, about two hundred feet away. Looking then to his right, he saw another automobile approaching, about three hundred feet away. He thought it was safe for him to cross Dover

Street, which was thirty to thirty-four feet wide. There were two sets of street car tracks in the street. The plaintiff reached the second rail, which was approximately fourteen and a half feet from the curb, when the left front mudguard of the automobile approaching from his left, and operated by Sensabella, hit him on the left side. He fell on his forehead near the third rail, "turned over on his leg," raised his right foot, and tried to get up. He saw an automobile, operated by the defendant, approaching from his right; it was then about eighty feet away; it did not stop; it went over his legs; and he "noticed the crack of the leg" before he became unconscious. The injuries thus sustained were separate from those inflicted by the automobile of Sensabella. The jury could also have found that the defendant was operating his automobile (a taxicab) at a speed of twenty-five to thirty miles an hour; that the brakes and other equipment of the vehicle were in good order; that there was no vehicle in front of his going in the same direction; that its headlights were on high beam, and he could see objects forty or fifty feet ahead; that his vision was clear; that Dover Street which the plaintiff was crossing was "perfectly straight"; that the Sensabella automobile, which was two hundred feet to the plaintiff's left when he stepped off the curb, was "almost the other side of Shawmut Avenue" when first seen by the defendant; that he did not see it strike the plaintiff; that at no time did he see the plaintiff crossing the street although there was nothing to interfere with his vision; and that he did not see the plaintiff until he came in contact with his taxicab.

It appears from the pre-trial report that at the pre-trial hearing held before the first trial the following entry was made under the designation "stipulations and admissions": "Pleadings are complete. It is agreed that the accident occurred on a public highway. It is agreed that the automobile of the defendant Fraktman was legally registered and that he was legally qualified to operate. It is agreed that Fraktman was the owner and operator of the taxicab involved in the accident. It is agreed that the plaintiff has received the sum of $3,875 on a covenant not to sue in his

action against Peter Sensabella, which sum is to be deducted from any sum recoverable in this action." Under the designation "Remarks: Memorandum" appeared the following: "Plaintiff sues for personal injuries received when he as a pedestrian was struck by an automobile owned and operated by the defendant."

Upon the transfer of the case to Suffolk County, another pre-trial hearing was held, as a result of which the following was added to the original pre-trial report under the designation "stipulations and admissions": "It is agreed that there was contact between the motor vehicle operated by the defendant Fraktman and the plaintiff." Under the designation "Remarks: Memorandum" was added, "It is the contention of the plaintiff that while a pedestrian he was struck first by the motor vehicle of Sensabella and then, after that accident was over, he was struck by the motor vehicle operated by the defendant Fraktman, and this suit is for the injuries caused by the defendant Fraktman."

It will be more orderly to consider first the defendant's request for ruling numbered 13, which was as follows: "If the jury finds for the plaintiff, the jury must deduct from whatever sum the jury thinks the plaintiff should receive the sum of $3,875."

It is the contention of the defendant that the pre-trial order eliminated the issue concerning whether there were two separate accidents or only one with respect to the ascertainment of the plaintiff's damages. While it is the general rule that parties are bound by stipulations and admissions appearing in a pre-trial report, *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442, 445–446, such agreements may be modified or abrogated to prevent manifest injustice. Rule 57A of the Superior Court (1932). Such modification of the original pre-trial order would seem to have been made at the second pre-trial hearing. See *Desmond* v. *Boston Elevated Railway,* 319 Mass. 13, 16. The fact that the significant entry in the second pre-trial report was made under the designation "Remarks: Memorandum" is not controlling. An issue for trial may properly be safe-

guarded by a stipulation under such a heading. *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442, 447. The judge recognized that the original pre-trial order had been modified by the second pre-trial order in instructing the jury in part as follows: "The contention of the plaintiff in this case is that for the injuries he is suing, this particular defendant, Mr. Fraktman, is the one who is liable for the so called injuries resulting to this plaintiff by virtue of the alleged negligence of Fraktman. . . . Mr. Fraktman . . . says this was all one accident. The plaintiff in this case claims that is before you, that there were two separate accidents, that a substantial interval of time occurred between the two accidents . . . [that] they were separate and distinct. The defendant is contending . . . that this accident was all one accident. . . . Eventually you will be called upon to decide as a question of fact whether this was really in popular parlance one accident or two accidents. . . ." The judge further instructed the jury as follows: "If . . . by the greater weight of evidence the plaintiff has convinced . . . [you] that the accident resulting in the injuries to his legs and the consequences thereof are due entirely to the negligence of the defendant, Fraktman, then Fraktman is responsible for such injuries as you say resulted from that separate and distinct accident. If, on the other hand, you say . . . [that] there was only one accident after all and it was caused by the combined negligence of Fraktman and Sensabella, then they both contributed to the accident and are what is known in the law as joint tortfeasors, joint wrongdoers. If that is your conclusion, then you will come to consider what happened in result, what happened as a result of dealings between Sluckus and Sensabella because it is evident that according to the pre-trial report at some time Mr. Sensabella or somebody in his behalf paid to the plaintiff, paid to Mr. Sluckus the sum of $3,875 and received by virtue of that payment what is called in the law a covenant not to sue. . . . If you say this accident was caused by the negligence of Fraktman and Sensabella, then any damages or injuries resulting to Sluckus should be compensated for, all of the

injuries resulting from this so called accident, if you say there was one accident and the sum of $3,875 deducted from the amount that you say would be fair and just damages for any injuries or impairment to earning capacity resulting to Sluckus by virtue of what happened to him on Dover Street on that particular night." Strictly speaking, this particular issue was not whether there had been one accident or two, but rather whether the injuries for which the plaintiff seeks compensation from Fraktman were due solely to his negligence or were contributed to by the conduct of Sensabella. That was the purport of the judge's instructions to the jury as to that subject matter and they were completely adequate. The refusal of the judge to instruct the jury in accordance with the defendant's thirteenth request was not erroneous. That the defendant understood that the case had been tried to the jury on the theory upon which the judge instructed the jury as just set forth above, is demonstrated by the defendant's ninth request for an instruction that "If the jury concludes there were two accidents and the jury is in doubt as to what injuries were caused separately by Sensabella and Fraktman, then the jury must find for the defendant." The denial of that request was not erroneous. The judge was not required to instruct the jury in its precise language. There was evidence to warrant the jury in finding what particular injuries were sustained by the plaintiff as a result of being struck by the defendant's vehicle, and the judge adequately and properly instructed the jury as to that subject matter.

It is true that at one point the judge said in his charge that if the jury found that the accident was "one accident and not two" the pre-trial report would have no significance. That statement, however, was immediately followed by these: "That is only important in the event you say this accident was caused by the combined negligence of both parties. Then it is material to deduct the amount set forth in the covenant not to sue." Those explanatory statements were in accord with clear instructions throughout the charge to that effect. The isolated statement ex-

cepted to was thus cured, and the exception thereto cannot be sustained. *Cereghino* v. *Giannone*, 247 Mass. 319, 323–324. *Boston* v. *Fountain*, 267 Mass. 196, 202. *Sylvia* v. *New York, New Haven & Hartford Railroad*, 296 Mass. 157, 163. *First National Bank* v. *Mathey*, 308 Mass. 108, 117–118.

There was no error in the denial of the defendant's fifteenth and sixteenth requests for instructions to the jury. They were based on fragments of the evidence only or subsidiary facts bearing upon a particular issue, and the judge was not required to give them. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50, 51. *Tookmanian* v. *Fanning*, 308 Mass. 162, 168. *Bell* v. *Forbes*, 314 Mass. 200, 204.

Upon all the evidence the jury could have found properly that the injuries for which the plaintiff seeks compensation from the defendant Fraktman were caused solely by his negligence in failing to see the plaintiff and to stop or to alter his course. *Jennings* v. *Bragdon*, 289 Mass. 595, 597–598. *Lockling* v. *Wiswell*, 318 Mass. 160, 163.

*Exceptions overruled.*