MILTON FRIEDMAN vs. HUCK'S TRANSFER, INC.

Hampden.    September 18, 1952. — October 31, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Agency*, Scope of authority or employment.  *Practice, Civil*, Requests, rulings and instructions; Exceptions: what questions open.

Evidence of the circumstances in which a truck driver went alone to deliver a heavy crated refrigerator to a consignee who was injured while helping the driver take the refrigerator off the truck warranted a finding that the driver had implied authority from his employer to seek the consignee's help.

Under Rule 71 of the Superior Court (1932) the defendant at a jury trial must raise the point of law that the plaintiff is not entitled to recover by a motion for a directed verdict, not by a request for instruction.

A trial judge cannot be required to grant a request for an instruction based upon a fragment of the material facts bearing on an issue.

A question of variance between the declaration and the proof in an action is not open to the defendant in this court where that question was not raised in the trial court.

TORT.    Writ in the Superior Court dated June 15, 1948.

The action was tried before *Murray*, J.

*Earl H. Wright*, for the defendant.

*Frank Placzek*, for the plaintiff.

LUMMUS, J.    In this action of tort for negligence causing personal injuries, the defendant, after a verdict for the plaintiff, brings the case here on its exceptions to the denial of a motion for a directed verdict for the defendant and of a motion for the entry of a verdict for the defendant under leave reserved, and also to the refusal of certain requests for rulings.

The evidence was substantially as follows.  On December 19, 1947, a truck driver employed by the defendant carried to the store of the plaintiff in Westfield a refrigerator which the plaintiff had ordered from a distributor.  The plaintiff asked the driver to put the refrigerator in a garage at the

rear of the store, and the driver backed his truck up to the garage. The driver had no helper, and asked the plaintiff to help take the refrigerator off the truck. The refrigerator was crated, and was about six feet high, coming within about three inches of the top of the truck. The driver stood on the ground while the plaintiff got up on the truck and at the driver's request tilted the refrigerator toward the plaintiff. The plaintiff could not see the driver. The top of the crate became wedged on the top of the truck. Then the crate was pulled, apparently by the driver, and fell on the plaintiff and hurt him. The crated refrigerator was very heavy. The accident happened shortly before eleven o'clock in the morning, and the driver had to be in Pittsfield at noon.

The only point made by the defendant on the question of liability is that there was no evidence that the driver was authorized by the defendant to seek the help of the plaintiff. There was no evidence that the driver had any express authority. Was there evidence of implied authority? The driver came alone, to deliver a heavy crated refrigerator that could have been found to be difficult or impossible for him to handle without help. It could have been found that the defendant knew that the driver would need help from someone. Authority to employ assistance "may be implied from the attending circumstances, such as where the assistance is necessary and there are not enough employees at hand to perform the work which must then and there be performed." *Lawson* v. *Royal Riding Stables, Inc.* 305 Mass. 494, 497. *Hollidge* v. *Duncan,* 199 Mass. 121, 123. *Sandon* v. *Kendall,* 233 Mass. 292, 297. *Baltimore & Ohio Southwestern Railroad* v. *Burtch,* 263 U. S. 540, 543-544. *Kirk* v. *Showell, Fryer & Co. Inc.* 276 Pa. 587, 592.

The defendant excepted to the denial of three requests for instructions. The first requested an instruction that the plaintiff is not entitled to recover. This asked in substance a directed verdict for the defendant. That point, if it had any merit, could have been raised not by a request for an instruction, but only by a motion. Rule 71 of the Superior Court (1932). *Sullivan* v. *Ward,* 304 Mass. 614,

616.  *Meldon* v. *Grubliauskas,* 317 Mass. 70, 71.  *Hollister*
v. *Old Colony Trust Co.* 328 Mass. 225, 229.  Requested
instructions 10 and 11 were to the effect that in the absence
of some of the material facts the jury could not infer that
the driver needed assistance.  These requests were properly
denied, under the familiar rule as to instructions upon a
fragment of the material facts bearing upon an issue.
*Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 51.  *Reidy*
v. *Crompton & Knowles Loom Works,* 318 Mass. 135, 140.
*Runels* v. *Lowell Sun Co.* 318 Mass. 466, 473.  *Sluckus* v.
*Fraktman,* 322 Mass. 379, 386.

Though no request was made asking that a verdict be
ordered for the defendant on the ground of variance between
the declaration and the proof, the defendant contends that
there was a variance.  As to this, it is enough to say that
the point is not open here since it does not appear to have
been raised in the court below.  *Earle C. Dodds Inc.* v. *Bos-
ton Casualty Co.* 308 Mass. 124, 127.  *Berwin* v. *Levenson,*
311 Mass. 239, 246.  *Kilham* v. *O'Connell,* 315 Mass. 721,
723.  *Poulos* v. *Coca-Cola Bottling Co. of Boston,* 322 Mass.
386, 391–392.

*Exceptions overruled.*