MARY LOUISE LYONS, administratrix, *vs.* ARTHUR DUROCHER
& another.

Middlesex.    October 6, 1960. — November 9, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Covenant,* Not to sue. *Joint Tortfeasors.*

Even if two defendants in an action were joint tortfeasors, upon an im-
plied finding by a judge hearing the action without jury that a "cove-
nant not to sue" given by the plaintiff to one of the defendants, fol-
lowed by a discontinuance as against that defendant, was in fact
intended to have the usual effect of such a covenant and not to operate
as an outright release of the covenantee, it was proper for the judge to
refuse a ruling requested by the other defendant that as matter of law
he was "likewise released and discharged"; a ruling made by the judge,
that the covenant was "in effect a release of" the covenantee meant no
more than that as a practical matter the plaintiff would not be able to
enforce any liability of the covenantee after giving the covenant.

Tort originally by Mateo Rigazio and after his death prosecuted by the administratrix of his estate. Writ in the Superior Court dated October 16, 1952.

The action was heard without jury by *DeSaulnier, J.*

*Henry Lawlor,* for the defendant Durocher.

*Elliot E. Rosenberg,* for the plaintiff.

Cutter, J. One Rigazio sustained injuries in a cafe operated by one of the defendants, Orloff's Inc. (Orloff's). He asserted that these injuries were the result of an assault by the other defendant, Durocher. Rigazio brought this action originally against Durocher, alleging the assault by Durocher in count 1 of his declaration, and against Orloff's, alleging in count 2 that Orloff's failed to provide safe premises for its customers and permitted the assault, and in count 3 that Orloff's negligently permitted the assault. The present plaintiff, as administratrix, was substituted after Rigazio's death. While the action was pending, "a settlement of the case was effected . . . whereby Orloff's" paid Rigazio $3,500 "and received [from Rigazio] a covenant not to sue" it and a discontinuance, later filed, as to counts 2 and 3.

The case against Durocher was tried before a judge of the Superior Court sitting without a jury. He ruled, among other matters, that the covenant not to sue was "in effect a release of . . . [the covenantee] from liability in the subject matter of the suit." This ruling we interpret as meaning no more than that, as a practical matter, neither Rigazio nor his personal representative would thereafter be able to enforce any liability on the part of Orloff's. Durocher excepted to the refusal of the judge to give Durocher's request for a ruling that "the codefendant is likewise released and discharged in the suit." The judge found for the plaintiff.

The plaintiff sought to recover for one injury against each of two defendants. If Durocher was liable, he was liable for assault. If Orloff's was liable, it was liable for breach of duty as a restaurant owner or for negligence. Although there was but a single injury, the theories of lia-

bility were separate and different. Accordingly, the plaintiff contends that, even if the covenant not to sue operated as a release of Orloff's, the original defendants were not sufficiently joint tortfeasors (see *Mooney* v. *Edison Elec. Illuminating Co.* 185 Mass. 547, 548) to bring them within the rule that the release of one joint tortfeasor discharges all of them. We need not deal with this contention, however, for, even if Durocher and Orloff's were joint tortfeasors, it would not necessarily mean that the settlement with Orloff's operated to release Durocher.

The bill of exceptions states that the document given by Rigazio to Orloff's was a "covenant not to sue." If this document was in fact given not in discharge or release of Orloff's from all liability for the injuries but merely to protect Orloff's from further litigation, it could not be ruled as a matter of law that Durocher also was discharged. The requested ruling, which the judge properly denied, called for such a ruling as a matter of law. See *O'Neil* v. *National Oil Co.* 231 Mass. 20, 28. It was open to the judge to find as a fact (and his general finding for the plaintiff implies that he did so) that the covenant not to sue was not intended as an outright discharge of Orloff's, but was intended to have the usual effect of a covenant not to sue, that is, merely to give Orloff's practical protection against having to pay more but without giving formally a full release and discharge. See *Matheson* v. *O'Kane,* 211 Mass. 91, 94–96; Restatement: Contracts, §§ 121, 122. See also *Daniels* v. *Celeste,* 303 Mass. 148, 152; Corbin, Contracts, §§ 932, 933; Williston, Contracts (3d ed.) §§ 341–342; Prosser, Torts (2d ed.) § 46, pp. 243–246; Harper and James, Torts, § 10.1, pp. 709–714. There is no suggestion in the record that the trial judge failed to give any weight, which may have been appropriate under the principles stated in *Daniels* v. *Celeste, supra,* to the payment by Orloff's in assessing damages against Durocher. In any event, no exception presents either this question or any question of the type considered in *Karcher* v. *Burbank,* 303 Mass. 303.

*Exceptions overruled.*