'Meagher, J.
The plaintiff was in the middle car in a three car “chain reaction rear end collision” on Morrissey Boulevard at a point where employees of the Boston Gas Company were in the road without any warning devices. The trial court found that the Boston Gas Company was negligent and was the cause of the injury to the plaintiff.
The Gas Company had made a request for a ruling of law #6 that states
The evidence warrants a finding that the damages, if any, awarded to the plaintiff in this action must be reduced by $15,000 since this is the amount the plaintiff received from a settlement with another potential tortfeasor in this matter, (underlining added)
The court responded to this “warrants” request (See Dist./Mun. Cts. R. Civ. R, Rule 64B(a) (1)) as follows: “Allowed, however, I do not so find.”
The request contains a misstatement of the evidence in the case according to the summary of undisputed facts which state:
The plaintiff testified that he had reached a $15,000 settlement with Mr. Mackie’s insurer prior to the trial of this matter, (underlining added)
“Many is the slip between the cup (the reaching of a settlement) and the lip (the receipt of a settlement).” The plaintiff had not testified that he received a $15,000 settlement as the defendant would have the trial court find as a fact in its request for a ruling of law #6.
Alter the trial judge’s decision the defendant filed two post trial motions, one to alter or amend the judgment and the other for a new trial. The trial judge properly denied both motions. Although the statement of reasons in support of these motions correctly indicates that the plaintiff testified that he had reached a $15,000 settlement with Mr. Mackie’s insurer prior to the trial of this matter, the defendant again assumes that “reached” means “received.” The defendant then cites a number of cases supporting the proposition that settlement received from another tort-feasor should reduce an award.
We agree that the cases support the proposition that a plaintiff who has received a contribution from a joint tortfeasor should have his award reduced but we also note that there has not been proof of receipt of settlement in this case.
The Supreme Judicial Court in Tritsch v. Boston Edison Co., 363 Mass. 179 (1973) cited by both the plaintiff and the defendant, states that
In mitigating damages, a defendant is entitled to show in evidence the amount of money paid or promised to the plaintiff by a joint tortfeasor on account of the same injury.
*76 That statement, insofar as it refers to monies “promised,” appears to be dicta.
First of all, in the Tritsch case, although there was a settlement “reached” between the plaintiff and the other tortfeasors, the nature of the settlements was not made clear at trial. (On appeal it appeared that those settlements may have been contingent on a favorable result by Tritsch against Edison.) So, the issue supported by the proposition was not even before the appellate court The Supreme Judicial Court, by its decision in favor of the plaintiff found that “reached” does not mean “promised” or “paid.”
In addition, in the cases cited by the Supreme Judicial Court for the above proposition, Daniels v. Celeste, 303 Mass. 148 (1939), Sluckus v. Fraktman, 322 Mass. 379 (1948) and Selby v. Kuhns, 345 Mass. 600 (1963), the money had in fact been received by the plaintiff ($1,300 by the driver of the car in the Daniels case, $3775 on a covenant not to sue from one of the operators of the 2 cars that hit the plaintiff in the Sluckus case, $4,750 on an agreement of judgment against the operator and owner of an automobile in Selby v. Kuhns). Similarly, the statute, M.G.L. c. 231B, §4, cited for the proposition refers to something more substantive than “reaching” a settlement, such as a covenant not to sue or not to enforce judgment.
In Tritsch the Supreme Judicial Court suggested other remedies to the defendant to resolve the issue of whether payment had been made by a joint tortfeasor such as a bill in equity or a proceeding for contribution. The plaintiff in his brief suggests two more remedies, a motion for clarification or a request for a hearing regarding the calculation of total damages. In addition, during trial the defendant could have pursued the point and asked the plaintiff if he had received a settlement. From the agreed facts before us it appears that he did not do so. The defendant would have the trial judge and this court assume as proven that which he did not pursue at trial. We agree with the plaintiff that “without bothering to find out how the trial judge computed his figures the appellant first alleged he made an error.”
The trial judge’s ruling #6 is an appropriate response to a “warrants” request. Mastercraft Wayside Furniture v. Sightmaster Corp., 332 Mass. 383, 388 (1955); Dangelo v. Farina, 310 Mass. 758, 759 (1942). The trial judge’s rulings on the defendant’s post-trial motions are supported by the evidence.[1]
No error haring been shown, the trial court’s finding for the plaintiff is affirmed.

We note that plaintiff suggests yet another interpretation of this ruling #6 which is that the trial court found total damages to be $45,000 and reduced the damages to be assessed against the defendant by $15,000 and thus made a finding for $30,000. We agree that that is another possible interpretation.