MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS v.
J. S. HOLMAN.

Delivered November 14, 1896.

1. Damages for Personal Injury—Services of Wife.

Where the injuries of the husband, inflicted through the negligence of another, render necessary extra services to him on the wife's part, the fact that it is his right to receive such services, and the wife's duty to render them, will not preclude him from recovering compensation therefor as an element of his damages.

2. Railway Company—Negligence—Shipper's Agent not Trespasser.

Where a car under the control of the local agent was set on a side track and loaded for a shipper, and an employe of the shipper was sent by him into the car to count and check its contents, within the knowledge of the agent, such employe was not a trespasser, and for injury caused to him through the negligence of the railway company's servants, and while he was there in the exercise of proper care, the company is liable.

APPEAL from Ellis. Tried below before Hon. J. E. DILLARD.

G. C. Groce, for appellant.—1. A husband has an absolute right to his wife's services. She is bound to serve him "in sickness and in health" without charge. Such service imposes upon him no pecuniary liability, nor can he recover their value from another, even though rendered more onerous by the wrongful act of the person attempted to be held liable. Roberts v. Frisby, 38 Texas, 220; Ximines v. Smith, 39 Texas, 52; Nickerson v. Nickerson, 65 Texas, 281; 9 Am. & Eng. Ency. of Law, 817; Filler v. Railway, 49 N. Y., 47; Coleman v. Burr, 93 N. Y., 17.

2. Appellant was not liable for appellee's injuries unless he was rightfully on the car upon which he was injured, and appellant owed him a duty which was violated. Railway v. Campbell, 76 Texas, 174; Wilcox v. Railway, 33 S. W. Rep., 379; Andrews v. Railway, 25 S. W. Rep., 1040; Railway v. Dial, 24 S. W. Rep., 500; Eaton v. Railway, 57 N. Y., 382; Metcalf v. Cunard Steamship Co., 147 Mass., 66.

M. B. Templeton, for appellee.—1. The first and second propositions under the first assignment of error, deny the right of a husband to recover for extra services of the wife made necessary by injuries wrongfully inflicted by the defendant. We deny the propositions. Railway v. Kennedy, 35 S. W. Rep., 335; Pennsylvania Co. v. Marion, 27 Am. & Eng. R. R. Cas., 132.

2. Appellants third and fourth assignments of error simply question the sufficiency of the evidence to sustain the verdict. It is urged that appellee was a trespasser, and that he was guilty of contributing negligence. To the proposition we enter a denial. Railway v. Neira, 28 S. W. Rep., 95.

FINLEY, ASSOCIATE JUSTICE.—Appellee J. S. Holman instituted this suit in the District Court of Ellis County, Texas, March 28, 1895,

against appellant, to recover damages laid at $10,000, for alleged personal injuries, charging in his petition, in substance, that on November 19, 1894, he was an employe of a cotton compress company at Waxahachie, Texas, his duty being in part to check bales of cotton, after being compressed, into cars of appellant placed on a switch at said compress, which it maintained and operated. That on the date last named there were several cars standing on said switch to be loaded, and that while he was in one of said cars checking cotton, appellant, by its agents and employes, without any warning or notice whatever, negligently and in a violent manner, propelled one of its engines against said cars, causing them to run violently, one against the other, knocking the car in which he was in such a way as to cause him and the cotton bales therein to fall, and one of said bales to fall on him, breaking his leg and spraining his foot and ankle.

Serious and permanent injuries were alleged, as also want of proper care on the part of appellant's servants and employes, and that the cotton in said cars had been placed therein in a careful manner, and that he was in said car in the usual discharge of his duties, as appellant's employes well knew, or should have known. That as a result of the injuries complained of, he was confined to his bed for over seven weeks, suffered great mental anguish and pain, was at an expense of $50 for medical attention and medicine, and was compelled to be nursed and cared for by his wife, at a further reasonable cost of $250, etc.

Appellant answered by general exception, a special exception to the amount claimed for the services of the wife, by a general denial, and by a special plea, in substance that if appellee was injured in one of its cars it was the result of his own negligence, and want of proper care in going into a car partially loaded with compressed cotton when he knew, or from the circumstances should have known, that such car was about to be moved, and in climbing over the bales of cotton in said car, thereby causing it to fall, and in failing to take and keep a safe position in said car, as he might have done, etc.

Appellant's exceptions, general and special, were overruled, to which exceptions were reserved, and on a trial, judgment for $600 was rendered in favor of appellee, from which judgment this appeal is prosecuted.

The evidence adduced upon the trial authorizes the following conclusions of fact, which were at issue upon the trial, and upon which there was to some extent conflict in the evidence:

1. Appellee Holman was an employe of the compress company. At the direction of the superintendent of the compress company, he went into a car loaded with compressed cotton, which had been placed upon the switch track for the purpose of being so loaded, to count the bales of cotton which had been placed in the car.

2. This car was under the direction and control of the local railway agent, Patterson, who heard the superintendent of the compress direct Holman to go into the car and count the bales of cotton, and the agent

Patterson saw Holman go into the car, and offered no objection to his doing so.

3. An engine was standing on the switch track at the time Holman went in the car, which had been run out there with the view of moving the loaded car. After Holman went into the car to count the bales of cotton, Patterson, the agent, directed the employes in charge of the engine, to couple onto the car into which Holman had gone, and bring it out upon the main track.

4. While Holman was performing his duty of counting the bales of cotton in the car, the employes of the railway company in charge of the engine violently and negligently effected a coupling with the car into which Holman had gone, striking and moving it with such force as to cause the bales of cotton to fall in the car and seriously injure Holman.

5. Holman was guilty of no negligence himself, and received his injuries through the negligence of the employes of the railway company.

6. The injuries sustained by Holman were sufficient to justify the amount of the verdict rendered as compensation therefor.

Appellant's first assignment of error is as follows: "The court erred in overruling defendant's special exception to so much of plaintiff's petition as claimed and sought to recover for services of his wife rendered to him; and in permitting proof of services by plaintiff's wife to him, resulting from the injuries of which he complained, and of the value of such services, over the objections by defendant's counsel, and in instructing the jury that if they found for plaintiff, they might allow him damages for extra care and labor of his wife in nursing him, if she rendered such services which were reasonably necessary to restore and cure plaintiff."

We do not think this assignment is well taken. Where the injuries of the husband, inflicted through the negligence of a railway company, render necessary extra services on the part of the wife to the injured party, the fact that it is the right of the husband to receive such services of the wife, and the duty of the wife to render them, furnishes no good reason why the husband may not recover compensation for such services of his wife as a proper element of damages. Railway v. Kennedy, 35 S. W. Rep., 335; Pennsylvania Co. v. Marion, 27 Am. & Eng. R. R. Cas., 132.

Appellant's second assignment of error is as follows: "The court erred in instructing the jury that plaintiff was entitled to recover if he was on one of appellant's cars with the consent of its servants or agents, expressly or impliedly given, and was injured as a result of the failure of appellant's employes to exercise reasonable care and prudence in switching and moving cars, and while he, plaintiff, was exercising reasonable care to prevent injury to his person."

There are two propositions urged under this assignment, as follows: (1) "Appellant was not liable for appellee's injuries unless he was

rightfully on the car upon which he was injured, and appellant owed him a duty which was violated."

(2) "The car upon which appellee was injured being a freight car on a side track, loaded for shipment, the contents of which had been counted by agents both of the shipper and the railway company, and there being no dispute as to its contents, appellee had no right to enter said car without permission given by some one authorized by appellant so to do, and if he entered the car without such permission, he was a trespasser, or, at most, only a licensee, and appellant owed him no greater duty than to avoid inflicting willful injury upon him."

It is sufficient to say, in answer to the first proposition, that the evidence shows that appellee was righfully in the car at the time he received his injuries.

The second proposition is answered fully by the same suggestion.

There is also a third proposition presented under this assignment, namely: "The servants of a railway company in charge of freight cars have no implied authority to permit outsiders to enter such cars, and the court erred in charging upon such implied authority. In the absence of proof, as in this case, of express authority vested in the persons in charge of such cars to permit outsiders to enter them, the railway company owes to persons entering such cars no higher duty than to avoid inflicting willful injury upon them, and is liable only for gross negligence."

There is no question of implied authority presented in this case. The evidence shows clearly and without dispute, that these cars were under the direction and control of the local agent, Patterson. The particular car in which Holman was injured was placed by the railway company upon the switch to be loaded with cotton from the compress; the car was be loaded by compress hands, and the bales placed in the car were to be counted, the car closed up and turned over to the railway company. It was Patterson's province to give full direction in reference to the handling of these cars; and there is absolutely nothing in the evidence to justify the theory that he in any way exceeded his authority as agent.

It is likewise clear that there is no justification of the theory that Holman was a trespasser.

The remaining assignments of error assail the verdict of the jury as not being justified by the evidence. These assignments of error are not sustained by the record. The evidence fully warranted the verdict; and finding no errors committed upon the trial, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.

ON MOTION FOR REHEARING.

FINLEY, ASSOCIATE JUSTICE.—The points presented in the motion for rehearing were fully considered in the original consideration of the case, and we see no good reason to interfere with the disposition made of the case. In the opinion rendered there are some inaccuracies of statement, which we have had called to our attention in the motion, and we will cheerfully here correct them.

In our third conclusion of fact, the last clause, "and bring it out upon the main track," is incorrect. The car was ordered to be moved further down the track, to make way for another car to be loaded.

It is also stated in the opinion that the car was placed upon the compress track to be loaded by the compress hands. This is an inaccurate statement. The railroad men performed the labor of loading the cars, after the cotton was placed upon the platform by the compress laborers. It was the right and duty of the compress company to count the cotton before the car was shipped. This was done, sometimes while the cotton was being loaded, sometimes while the cotton was on the platform, and sometimes after the bales were put into the car. The railway agent and superintendent of the compress had counted the cotton before Holman went into the car; but the superintendent of the compress company sent Holman into the car upon this occasion, with the knowledge of the railway agent, for the purpose of counting the cotton, with the view of verifying his count. There was no more cotton to be placed in the car, and it was then in the possession of the railway company at the time Holman went into it.

These changes do not affect the conclusion we have heretofore reached,—that Holman was not a trespasser in going into the car. On the contrary, the superintendent had the right to satisfy himself as to the number of bales in the car, and for that purpose, to send Holman into the car to count the bales. The railway agent, knowing that Holman had gone into the car for this purpose, was guilty of negligence in ordering the car pushed down the track while he was in it, and the operatives of the engine and cars were guilty of negligence in moving the car with such violence as to cause the cotton bales to fall and cause Holman's injury.

The motion for rehearing is overruled.       *Overruled.*

Writ of error refused.