WILLIAM M. LYNCH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 15, 1916 — May 16, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* In use of highway, In use of automobile ladder truck by fire department, Traffic rules, Imputed.

If a captain in the fire department of a city is in charge of an automobile ladder truck thirty-six feet in length and four and one half tons in weight, and is sitting beside the driver while an agent of the manufacturer of the truck is instructing members of the department how to handle it, and if the truck is driven along a street at the rate of from ten to fifteen miles an hour toward a crossing with a street about thirty feet wide upon which there is a double line of street car tracks, and if the driver's view of street railway cars approaching from his left is such that, by reason of a building built to the line of the sidewalk he has an unobstructed view of the track to his left for about ninety-five feet when he is thirty feet from the nearer car tracks, and if neither the driver nor the captain look up the track to their left until they are about eleven feet from the track, when they see a street car, negligently driven, about two car lengths away and are unable to stop the truck in time to avoid a collision, a finding, in an action by the captain against the street railway company for personal injuries so received, that the plaintiff was in the exercise of due care, is not warranted, whether he be judged by his own conduct or by that of the driver of the truck.

Article 3, § 1, of the street traffic regulations of the city of Boston, which provides that "Police, Fire Department, emergency repair wagons, United States mail vehicles and ambulances shall have the right of way in any street and through any procession," has no application to an automobile ladder truck of the fire department which, in charge of a captain of the department, is upon a street merely in order that an employee of its manufacturer may instruct the fireman in its operation.

DE COURCY, J.    The plaintiff was injured in a collision on December 11, 1912, between an automobile ladder truck of the Boston Fire Department and a street railway car of the defendant at the junction of P Street and Third Street in South Boston. These streets cross each other at right angles. In P Street (which runs north and south and is about thirty feet wide) there is a double line of car tracks. The first rail of the northbound track is eight feet six inches from the easterly curbstone and ten feet eleven inches from the crosswalk of Third Street.

The ladder truck was about thirty-six feet long and weighed four and a half tons. An agent of its manufacturer was instruct-

ing the men how to handle it and at the time of the accident was standing on the right hand running board. Two members of the fire department were standing on the left hand running board. The plaintiff, Captain Lynch, was in charge of the truck and was seated on the front seat, and at his right was sitting the driver Callahan, who was at the wheel.

The truck proceeded westerly along the right hand side of Third Street at a speed of from ten to fifteen miles an hour. The building at the southeast corner of Third and P Streets extended to the line of the sidewalk, and, until he approached the crosswalk, would obstruct the plaintiff's view to the left of any approaching northbound car on P Street. Presumably he could not hear the noise made by a moving car because the large brass fire bell was being rung continuously. A street railway car was liable to approach Third Street on the nearer track at any time, and the length of the truck would make it difficult to avoid a collision either by turning into P Street or by crossing the track in front of such car.

The situation was peculiarly one where reasonable care for their safety called upon the plaintiff and the driver to look to the left along P Street for an approaching car at the earliest opportunity and to slow down the truck or otherwise have it under control for a quick stop. There was no occasion for hurry, and nothing to distract their attention.

Yet there is no evidence that any of the men looked until the wheels of the truck were on the crosswalk, or about eleven feet from the track. The front of the electric car was then a car's length or less away, according to Callahan; or twenty-five or thirty feet on the plaintiff's testimony; and no one places it more than two cars' length away. Apparently every effort then was made to stop the truck, and the plaintiff testified that if they had six inches more the truck would have stopped without hitting the side of the car. This only emphasizes the fact that the failure to look seasonably contributed to the accident. It is apparent from the plan used at the trial that, when the plaintiff was twenty feet from the first rail,* his view of the track along P Street in the

---

* This point was on the front line, extended, of the building on the southeast corner. At a point thirty feet from the nearest rail the plaintiff had an unobstructed view of the tracks southerly for ninety-five feet from the place of the collision.

direction of the approaching car was wholly unobstructed; and that even before reaching the line (extended) of the building, he had a gradually increasing view along the track.

It may be assumed that there was evidence for the jury of the motorman's negligence. As a general rule, the facts disclosed in collisions of vehicles at intersecting streets make the issue of the plaintiff's due care one for the determination of the jury. *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104. *Driscoll* v. *Boston Elevated Railway*, 223 Mass. 533. But whether the plaintiff be judged by his own conduct or by that of the driver under his charge and control (see *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323), we cannot say that the record shows evidence which would warrant a jury in finding that he exercised reasonable care: and he is precluded from recovering under the authority of cases like *Hurley* v. *West End Street Railway*, 180 Mass. 370, and *Ferguson* v. *Old Colony Street Railway*, 204 Mass. 340.

Article 3, § 1, of the Street Traffic Regulations and Rules for Driving,* even if applicable under the circumstances, does not help the plaintiff.

*Exceptions overruled.*

*J. P. Walsh,* (*W. J. McCarty* with him,) for the plaintiff.
*E. P. Saltonstall,* (*R. S. Pattee* with him,) for the defendant.

---

* This article reads as follows: "Police, Fire Department, emergency repair wagons, United States mail vehicles and ambulances shall have the right of way in any street and through any procession."