WILLIAM VITO DiLEO *v.* MORRIS H. DOLINSKY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 5—decided June 23, 1942.

*DeLancey Pelgrift,* for the appellant (defendant).

*Edward Mascolo,* for the appellee (plaintiff).

AVERY, J. At about 4:30 in the afternoon of April 19, 1940, the plaintiff, a boy nearly ten years old, was injured by a truck owned by the defendant and operated by his agent. This suit was brought by the plaintiff to recover on the ground that his injuries were caused by the negligence of the defendant's servant in the operation of the truck. After trial to the jury, the plaintiff received a verdict and the defendant has appealed, claiming that the trial court erred in denying the defendant's motion to set aside the verdict and that the damages were excessive.

The evidence in this case in certain respects was very much in conflict. Taking the view most favorable to the plaintiff, the jury might reasonably have found: The plaintiff's injuries were received in the highway at the intersection of Harwinton Avenue and Raiano Street in Torrington. At that point, Harwinton Avenue, which runs north and south, is about nineteen feet in width and is intersected upon the west by Raiano Street. Between two and three hundred feet north of the intersection there was a schoolhouse on the westerly side of Harwinton Avenue, and just south of the intersection there was a school caution sign on the easterly side. The defendant's truck was proceeding northerly on Harwinton Avenue. A group of children were playing in the street at the intersection. As the truck approached, the plaintiff ran diagonally across the southwest corner of the intersection in a northeasterly direction towards a path leading to his home on the east side of Harwinton Avenue. He was struck by the left side of the front bumper when he was nearly across the street. He could have been seen crossing the street by the driver when the truck was at least one hundred feet away, and from the testimony offered, taking into consideration the distance traveled by the truck after the boy

could be seen crossing the road and the distance traveled by it after striking the boy before coming to a stop, there was a reasonable basis in the evidence upon which the jury could have found that the truck was proceeding at an unreasonable rate of speed, considering all the circumstances, and that the driver was not keeping a reasonable lookout or exercising reasonable control over the vehicle.

The defendant contends that the plaintiff ran into the side of the motor vehicle after the front end had passed him. Upon this point, however, the evidence was conflicting. There was evidence upon which the jury could reasonably have found that the plaintiff was struck by the truck's front bumper when he had nearly reached the east side of the highway. If they found that the plaintiff started to run across when the truck was still a considerable distance away and was struck and injured when he had almost reached the opposite side, such conduct could not be said to constitute contributory negligence as a matter of law. Contributory negligence in the case of children is a question of fact to be determined by the jury, taking into consideration all the circumstances and the age, experience and judgment of the child. *Colligan* v. *Reilly,* 129 Conn. 26, 29, 26 Atl. (2d) 231.

The injuries sustained by the plaintiff were a deep laceration of the scalp, a laceration of the penis, abrasions, shock and fractures of both bones of the left forearm. The lacerations and abrasions healed without incident. The fractures of the two bones of his left forearm did not heal properly, but unusual complications resulted which required extensive hospitalization and medical treatment continuing to the present time and which will require another year of institutional care. There was testimony that the plaintiff up to the time of the trial had lost almost the total

use of his left arm and would undoubtedly have a considerable amount of permanent disability. One of the physicians thought that this might amount to as much as "one-quarter lack of function" of the arm. An infected condition of the broken bones set in after the injury. This is now quiescent but may light up at any time in the future and cause serious difficulty. The jury had the right in estimating pain and suffering to take into consideration the long period of hospitalization and the treatments to which the plaintiff was subjected.

The plaintiff claimed special damages for past and future medical service and hospital treatment amounting to $3995.50. Of this amount, there is no question that the sum of $1495.75 represented services of that nature ordinarily recoverable in a tort action. The rest of the amount claimed was based upon treatment given the plaintiff at the Newington Home for Crippled Children, to which he was sent, and at the Hartford Isolation Hospital, to which he was transferred for two periods from the Home, and included his further treatment at the Home for the period of one year, which probably will be necessary. The Home rendered a bill on the basis of $21 a week. Section 562e of the Cumulative Supplement, 1939, of the General Statutes specifically provides the charges which may be made for treatments at the Home as follows: "There shall be taxed by the comptroller nine dollars a week for each week such child shall remain at said home or under the control of said corporation, and said corporation shall make its bill therefor quarterly and present it to the commissioner of welfare, upon whose approval it shall be paid by the state, and the balance shall be paid by the parents or grandparents of such child, or, if the child is an indigent, by the town in which such child belongs; provided the

sum to be paid by the parents or grandparents of such child or by the town in which such child belongs shall not exceed two dollars a week in addition to the amount paid by the state." Under this statute the largest sum which could be charged to the parents or grandparents of the plaintiff for treatment at the Home or at the Isolation Hospital to which he was transferred is fixed at $2 a week, and any other sums to be paid for his treatment constitute a public charge. There can be no recovery for the value of services rendered gratuitously by a state-supported or other public charity. Restatement, 4 Torts, § 924, comment f, p. 637. Assuming that the plaintiff is entitled to recover for expenses for treatment at the Home and Isolation Hospital, the total so recoverable would be about $150. This would make the total of the special damages approximately $1650. The amount of the verdict was $12,000, so that the recovery on account of the personal injuries amounted to $10,350. A recovery of that amount for the personal injuries suffered by the plaintiff is not justifiable, and the verdict was excessive.

There is error, the judgment is set aside and a new trial is ordered unless the plaintiff within three weeks from the time he receives notice of the decision of this court shall file in the office of the clerk of the Superior Court a remittitur of $2000 of the amount of the verdict; but if such remittitur shall be filed judgment shall thereupon, as to the residue, be entered upon the verdict; the costs of this appeal to be taxed to the appellant in either event.

In this opinion MALTBIE, C. J., BROWN and ELLS, Js., concurred; JENNINGS, J., dissented from so much of the opinion as holds that the verdict was excessive.