Hillsborough, } No. 3593.
June 27, 1946. }

CHARLES W. CLOUGH v. JACOB SCHWARTZ & a.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Robert P. Booth* orally), for the plaintiff.

*Arthur A. Greene, Jr., Alvin A. Lucier* and *Sheehan, Phinney & Bass (Mr. Perkins Bass* orally), for the defendants.

KENISON, J. The jury were properly instructed that any negligence of Hebert, the fireman driving the fire truck, was not imputable to the plaintiff. *Shuster* v. *McDermit*, 104 N. J. L. 58. The relationship of the driver and the plaintiff was that of fellow servants or co-employees in the Manchester fire department. "The negligence of the driver of a vehicle is not generally imputed to another occupant therein, when the relation between the parties is that of fellow servants. Thus, negligence of the driver of a fire engine or truck, or other fire department vehicle, is not imputed to another employee of the

fire department who is riding on the machine at the time of the accident, and the fact that one holds a superior position does not change the rule." 5-6 Huddy, Cyclopedia of Automobile Law, s. 151. Insofar as *Lynch* v. *Boston Elevated Railway*, 224 Mass. 93, supports a contrary ruling, it may be distinguished since the fire truck was being demonstrated by the manufacturer, it was not proceeding to a fire and the court found that there was, "no occasion for hurry."

The doctrine of imputed negligence from *McCarthy* v. *Souther*, 83 N. H. 29, to the latest case of *Bixby* v. *Railroad, ante,* 107 has been definitely limited to cases where there was a right to control in the relationship of master and servant, principal and agent or a joint enterprise. The limitation on the rule of imputed negligence in this state is further indicated by the disapproval of the "family purpose" doctrine (*LaFond* v. *Richardson*, 84 N. H. 288), with its corollaries. *Pickard* v. *Morris*, 91 N. H. 65, 70. The plaintiff cannot be considered as a participant in a joint enterprise. Berry, Automobiles, *s.* 4.395; Restatement, Torts, *s.* 491, *comment* d.; *Noel* v. *LaPointe,* 86 N. H. 162, 164.

The Trial Court after reading the provisions of R. L., c. 119, s. 20, charged the jury in part as follows: "With regard to this statute, the evidence is that Mr. Wilkinson did not bring his vehicle to the righthand side of the road or bring it to a stop. In other words, so far as this statute is concerned, it was also a violation of the statute, but as in the other case you will inquire whether or not such violation caused or helped to cause the accident." The defendants take nothing by their exceptions since neither the statute nor the charge imposed an absolute duty of the driver of the non-emergency vehicle. "An extremely high standard was established, but the criterion, is still the exercise of care, and an absolute liability is not imposed." *Carleton* v. *Railroad*, 82 N. H. 263, 266, 267. Such statutes are to be construed to further their purpose and policy "to facilitate the early arrival of firemen and fire apparatus at the scene of a fire." *Vandell* v. *Sanders*, 85 N. H. 143, 145; R. L., c. 175, s. 12; R. L., c. 119, s. 33. For the same reason we do not confine the application of R. L., c. 119, s. 20, to cases where the non-emergency vehicle is traveling on the same highway as the emergency vehicle. The danger of collision may be equally present when the emergency vehicle is on an intersecting or adjoining way, since the driver of the other vehicle has no way of knowing when or where the fire apparatus may turn in proceeding to the scene of the fire. *City of Auburn* v. *Roate*, 284 N. Y. S. 1.

Certain receipted hospital and medical bills were admitted in

evidence subject to the defendants' exception. The defendants offered to prove that these bills were paid by the Manchester Firemen's Relief Association and the Court excluded such offer of proof. Defendants rely on cases holding that the plaintiff cannot recover unless he has paid for the services rendered or incurred a legal liability therefor. On principle it should make no difference to the defendants whether the payment was made by virtue of friendship, philanthropy or contract with a third party. The medical service given to the plaintiff was for his benefit and not for the benefit of the wrongdoer who has been adjudged liable. It is no concern of the wrongdoer whether the bills for medical services and expenses were paid by an indulgent uncle, a liberal employer or a relief association. 18 A. L. R. 678; 95 A. L. R. 575. See *Holland* v. *Company*, 83 N. H. 482; *McCullough* v. *Company*, 90 N. H. 409, 413; *Abbott* v. *Hayes*, 92 N. H. 126, 132, 133.

The record does not support the contention that the driver of the fire truck was negligent as a matter of law but it is not necessary to discuss the evidence in detail in view of the ruling that his negligence is not imputable to the plaintiff. The motion for a directed verdict was properly denied.

Any error in misstating the evidence in the plaintiff's argument to the jury was cured by the court's charge to the jury. *Moran* v. *Dumas*, 91 N. H. 336; *Carr* v. *Orrill*, 86 N. H. 226, 228.

*Judgment on the verdict.*

All concurred.