## PLANK ET AL. *v.* SUMMERS

[No. 60, October Term, 1953.]

*Decided January 12, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Thomas B. Lawrence,* for appellants.

*Hal C. B. Clagett* and *Jerrold V. Powers,* with whom were *Lansdale G. Sasscer, Sasscer, Clagett and Powers* and *Lansdale G. Sasscer, Jr.,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

Here are appeals from the amounts of three judgments awarded the appellants for damages arising out of an automobile collision.

The substantial facts of the case follow. The appellants, all being members of the United States Navy, at 8 P.M. on May 16, 1952, were riding in an automobile driven by one of them, Robert E. Plank, proceeding in a northerly direction on United States Route 301 in Prince George's County, Maryland. Coming in an opposite direction was an automobile driven by one Davis. Following Davis was an automobile driven by the appellee, Samuel J. Summers, and occupied by him and two young women. As the Davis car, proceeding south, and appellants' vehicle, going north, were about to pass, appellee's car struck the Davis car from the rear, knocking it into the back of appellants' car, causing the injuries sustained. The case was tried before the trial judge and a jury, who rendered a verdict for appellant, Plank, in the amount of $800.00; for appellant, Glenn, in the amount of $700.00; and for the appellant, Van Gauwenberg, in the amount of $900.00. The appellants appeal here from the amounts of the judgments entered on those verdicts.

The appellants contend that because the trial was started at 10 A.M. on Friday, May 1st, and was submitted to the jury at 2:18 A.M. on Saturday, May 2nd, the jurors became physically and mentally weary and thereby were not permitted to fairly deliberate the case. Of course, no case should be carried on for such a length of time that the judges, jury and lawyers cannot properly function. However, the widest discretion has been given the trial courts in the conduct of trials and this discre-

tion should not be disturbed unless it is clearly abused. In the instant case no objection seems to have been raised during the course of the trial to its duration by the appellants here or by their attorney or by the jurors.

During the opening statement of the attorney for the plaintiffs, appellants, the following was said: "Now, one last point is this: These men were treated at the National Naval Hospital because they were members of the Armed Services. These treatments were rendered, the hospital services were given to them by the United States Government by reason of their position, and we believe that these men are entitled to compensation to the full value of those services, had they been rendered —." At that point an objection was made by the appellee on the ground that services rendered by the United States Government in the form of medicine, medical attention and other services, were without charge of any kind to the appellants and therefore they could not recover them from the appellee. After argument before the court, it was ruled that plaintiffs, appellants, could not recover compensatory damages for services for which they were not required to pay and the court sustained the appellee's objection. Also, during the trial of the case, the following statement was made by appellants' attorney: "On behalf of the plaintiffs Plank, Glenn and Van Gauwenberg, I wish to take exception to the Court's ruling that said plaintiffs are not entitled to recover the fair value of the services rendered by the National Naval Medical Center at Bethesda in proportion to the prevailing charge by private physicians, surgeons and institutions." The court then asked whether the plaintiffs paid anything for hospital and medical services while confined for treatment. After the answer, "No", the court then said: "All right then, the proffer is tendered, as previously indicated, and that the court has ruled as now objected to by Mr. Lawrence", and the court sustained the objection of the appellee. Appellee contends that no sufficient proffer of evidence was made to bring the question as to the value of appellants' hospital and medi-

cal services before this Court and relies on *Eschbach v. Hurtt,* (1877), 47 Md. 61. In that case it was held that it was not sufficient to make an offer of proof where there were no witnesses available to sustain such proof. In the instant case the trial judge considered that a proffer had been made and, from the number of doctors testifying for the appellants as to the injuries sustained, it is evident that they had witnesses to testify as to the value of the hospital and medical services rendered. The following quotation from *Wigmore on Evidence,* 3rd Ed., Sec. 17, Vol. I, pg. 318, seems appropriate here: "But a specific offer of evidence is not needed where an *entire class of evidence* has been in advance formally declared inadmissible by the trial court during preliminary argument or colloquy; for the Court's ruling relates forward to all possible offers of such evidence and renders them needless. Moreover, after such a ruling, the persistence of counsel in making or repeating such offers may be treated as improper attempts to get before the jury the effect of such evidence." See also *Brooke, Adm'r. v. Quynn,* 13 Md. 379, 390; *Herrman v. Combs,* 119 Md. 41, 43; *Stocksdale v. Jones,* 133 Md. 176, 182. The ruling of the trial judge that the proffered testimony was inadmissible is therefore before this Court on appeal.

The principal question before us is whether the jury should have been allowed to consider and to award the appellants, plaintiffs below, the reasonable value of the hospital and medical services rendered to them without charge or imposition of liability by a United States Navy hospital.

It has been held that, where medical care has been furnished by a charitable institution, no recovery is allowed from the tort feasor. *Englewood v. Bryant,* (1937), 100 Colo. 552, 68 P. 2d 913; *DiLeo v. Dolinsky,* (1942), 129 Conn. 203, 27 A. 2d 126. To the contrary, however, see *Mobley v. Garcia,* (1950), 54 N. M. 175, 217 P. 2d 256.

It has been held in a number of cases that a plaintiff cannot recover for medical services gratuitously ren-

dered or for which he is not liable. Among these are: *Woeckner v. Erie Elec. Motor Co.*, (1897), 182 Pa. St. 182, 37 A. 936; *Robertson v. Wabash R. Co.*, (1899), Mo., 53 S. W. 1082; *Birmingham Ry. Light & Power Co. v. Humphries*, (1911), Ala., 55 So. 307; *Nelson v. Pauli*, (1922), Wis., 186 N. W. 217; *Malloy v. Southern Cities Dist. Co.*, (1932), La., 142 So. 718; *Daniels v. Celeste*, (1939), 303 Mass. 148, 21 N. E. 2d 1.

However in *Beckert v. Doble*, (1926), Conn., 134 A. 154, 155, it was held: "An injured person is entitled to recover for medical or nursing services rendered him, even if gratuitous or paid for by a third party, on the ground that, while such service or payment is a gift for his benefit, it is one of the elements of his injury and he is entitled to the benefit of the gift. *Roth v. Chatlos*, 97 Conn. 282, 116 A. 332, 22 A. L. R. 1554; *Dickerson v. Connecticut Co.*, 98 Conn. 87, 118 A. 518; *Hayes v. Morris & Co.*, 98 Conn. 603, 607, 119 A. 901; *Missouri, K. & T. Ry. Co. v. Holman*, 15 Tex. Civ. App. 16, 39 S. W. 130; *Crouse v. Chicago & N. W. R. Co.*, 102 Wis. 196, 78 N. W. 446, 778." In *Verhelst Const. Co. v. Galles*, (1931), Wis., 235 N. W. 556, it was held as dictum that gratuitous nursing services by a parent do not relieve the tort feasor of his liability to pay for them. No mention was made of the previous Wisconsin case of *Nelson v. Pauli, supra*. In *Acme-Evans Co. v. Schnepf*, (1938), Ind., 15 N. E. 2d 742, the father was allowed to recover from the tort feasor the value of the mother's gratuitous nursing services in an action for injury to a minor child. In *Williams v. Campbell*, (1938), La., 185 So. 683, the Louisiana Court of Appeals made no reference to *Malloy v. Southern Cities Dist. Co., supra*, and followed what it held to be the majority rule and permitted recovery for the value of services gratuitously rendered. In *Clough v. Schwartz*, (1946), N. H., 48 A. 2d 921, it was held that in determining damages to be recovered by a city fireman for injuries sustained when the fire truck collided with defendant's truck, the plaintiff was properly permitted to introduce in evidence receipted

hospital and medical bills regardless of the fact that the bills had been paid by the city fireman's relief association. In *Dahlin v. Kron,* (1950), Minn., 45 N. W. 2d 833, in an action for injuries sustained in an automobile accident, it was held that even though physician's services were furnished gratuitously or paid by the hospital, it was error to refuse to admit testimony as to the reasonable value of such medical services. In *Mullins v. Bolinger,* (1944), Ind., 55 N. E. 2d 381, where medical services were paid by the city, it was said: "Where the wrongdoer is liable for damages, he is liable for all damages and it is no concern of such wrongdoer who ultimately gets the money." Among other cases allowing recovery for the value of nursing or medical services furnished as a gratuity are *Brosnan v. Sweetser,* (1891), 127 Ind. 1, 26 N. E. 555; *Penn. Co. v. Marion,* (1885), 104 Ind. 239, 3 N. E. 874; *Yeager v. Spirit Lake,* (1902), 115 Iowa 593, 88 N. W. 1095; *Lewark v. Parkinson,* (1906), 73 Kan. 553, 85 Pac. 601; *Wells v. Minn. Baseball Ass'n.,* (1913), 122 Minn. 327, 142 N. W. 706. In *Denco Bus Lines v. Hargis,* (1951), 204 Okla. 339, 229 P. 2d 560, where claimant received sick benefits from a source other than the tort feasor, it was held that the amount of recovery was not thereby diminished. It has been held in a number of cases in other states, and in Maryland as hereafter stated, that the amount of recovery from a tort feasor is not diminished by the fact that plaintiff had insurance. Among these are *Peri v. Los Angeles Junction Ry.,* (1943), 22 Cal. 2d 111, 137 P. 2d 441; *deRoode v. Jahncke Ser., Inc.,* 52 So. 2d 736, (La. App. 1952); *Johnson v. Kellam,* (1934), 162 Va. 757, 175 S. E. 634.

*Standard Oil Co. of Calif. v. United States,* (1946), 153 F. 2d 958, was an appeal from a judgment awarding a sum to the appellee, United States of America, for the loss of services to it by a member of its Armed Forces. The action grew out of a traffic accident which occurred in Los Angeles. As a result of a truck colliding with

John Etzel, a soldier in the United States Army, he was unable to perform his duties as a soldier for a period of twenty-nine days. The Government instituted suit in the District Court to recover the total of the wages it paid Etzel and his medical care during his incapacity. On appeal from a judgment granted the plaintiff, it was held by the Circuit Court of Appeals that, under the California law, the relation between the Government and the soldier was not that of master and servant and therefore the Government could not recover. It was said in that case: "In the United States the prevailing rule seems to be that an injured person may recover for wages lost and medical expenses incurred during his incapacity even though such amounts were supplied by insurance, a contract of employment, or gratuitously. [Cases cited]. Therefore, Etzel's release to the defendants, which extended 'to all claims of every nature and kind whatsoever', covered his lost wages and medical expenses as elements of damage. These are the amounts which the United States here seeks to recover. Thus even if we may assume that the United States may be subrogated, without statutory authority, to the soldier's claims, it cannot be subrogated to such claims here because defendants have already paid Etzel for these losses." That case was appealed to the Supreme Court of the United States and decided there in *United States v. Standard Oil Co.*, (1947), 332 U. S. 301, 91 L. Ed. 2067. In that case the majority of the Supreme Court decided, Mr. Justice Frankfurter concurring in the result and Mr. Justice Jackson dissenting, that the state law of California did not govern the question. It was there further held that the matter was one of fiscal policy and as Congress had enacted no legislation providing for the recovery by the United States for such a tort, the Government could not recover. The Supreme Court made no reference to the statement in the opinion below that the injured person could recover for the wages lost and medical expenses incurred even though these "were supplied by insurance, a contract of employment,

or gratuitously." Mr. Justice Jackson, in his dissenting opinion, thought the Government should recover in that case. He said: "The long-established law is that a wrongdoer who commits a tort against a civilian must make good to somebody these elements of the costs resulting from his wrongdoing. What the Court now holds is that if the victim of negligence is a soldier, the wrongdoer does not have to make good these items of expense to the one who bears them." He based his dissent on the case of *Attorney General v. Valle-Jones,* (1935), 2 K. B. 209, where it was held that the British Government, upon the relationship of master and servant, could recover from a wrongdoer the value of medical attention and wages furnished to members of the Royal Air Force during their disability and that the injured men could not recover for these items because they had been provided by the Royal Air Force.

In *Sainsbury v. Pa. Greyhound Lines,* (1950), Court of Appeals, 4th Cir., 183 F. 2d 548, an action was instituted by a boatswain's mate in the United States Navy in the Circuit Court for Baltimore County for injuries sustained as a result of negligence of a bus driver while operating a bus in Maryland. The case was removed by the defendant to the U. S. District Court for the District of Maryland. From a judgment for defendant, plaintiff appealed. The Circuit Court of Appeals considered Maryland law in deciding the case. The injured sailor received medical and hospital treatment at a naval hospital. A claim adjuster, Weston, who was an attorney, told plaintiff that persons in the military service who received from the Government, free of charge, medical and hospital care and also who were entitled to disability payments in the event of injury, could recover from the defendant only for the pain he may have suffered as a result of his injuries. As a result of this representation made by the claim adjuster, the plaintiff executed a release. It was held that the release did not preclude the plaintiff from maintaining the action. Judge Dobie said in that case: "The representation by Weston to

plaintiff that because he was in the service he could recover only for pain and suffering was a false statement of the law. It is generally well settled that the fact that the plaintiff may receive compensation from a collateral source (or free medical care) is no defense to an action for damages against the person causing the injury. See *Standard Oil Co. of California v. U. S.*, 9 Cir., 153 F. 2d 958, 963, affirmed 332 U. S. 301, 67 S. Ct. 1604, 91 L. Ed. 2067, and the cases therein cited; note, 22 A. L. R. 1558; note, 18 A. L. R. 678-683; *McCormick, Damages,* 310 note 2, and 324 (1935) ; 15 *American Jurisprudence, Damages,* Secs. 78, 200-201; *Restatement, Torts,* Sec. 920, Comment e. It is inconceivable that any member of the bar could have made a statement such as the one made by Weston without knowledge of its falsity or without acting with a reckless disregard for the truth."

In Maryland, in *City Pass. Ry. Co. v. Baer,* (1899), 90 Md. 97, in a suit for injuries sustained in attempting to board a trolley car, it was held that any sick benefits received by the plaintiff from any source other than from the defendant were not to be considered by the jury in arriving at their verdict. In *Chesapeake Iron Works v. Hochschild,* (1913), 119 Md. 303, this Court held that in a suit for damages the fact of insurance could not be set up in mitigation of damages and it was no defense that the injured party had been indemnified by such insurance although he may have collected all or a part of it. In *American Paving & Con. Co. v. Davis,* (1916), 127 Md. 477, it was held that in an action for damages by fire through the negligence of the defendant, evidence that the plaintiff had received insurance money from fire insurance, which he had carried against loss by fire, is not proper for the consideration of the jury. In *Barnes v. United Ry. Co.,* (1922), 140 Md. 14, it was held that the fact that the truck was insured did not disentitle the plaintiffs to maintain a suit for damage to the truck.

It therefore appears that the majority of the cases hold that where hospital and medical services are furnished gratuitously to the injured party, he can recover the value of those services from the tort feasor. This seems to be the modern rule. Here also it might well be considered that medical and hospital services supplied by the Government to these members of the United States Navy were part of the compensation to them for services rendered, and therefore that by their service in the Navy they had paid for these. If, by their services, the appellants paid for the medical and hospital expenses, certainly the value of these are proper items for the jury to consider in arriving at the amount of damages to be paid by the appellee. The case will therefore be remanded for the purpose of allowing the value of the hospital and medical services, rendered to the appellants by the United States Government, to be added to the amounts of the judgments. Code 1951, Art. 5, Section 25.

*Case remanded for further proceedings, costs to be paid by the appellee.*