**David CLARK, Plaintiff,**

v.

**Ann HUTCHISON, Defendant.**
**Civ. No. 4555.**

District Court, Canal Zone,
Division Balboa.
Aug. 14, 1957.

Woodrow de Castro, Ancon, Canal Zone, for plaintiff.

W. J. Sheridan, Jr., Ancon, Canal Zone, for defendant.

CROWE, District Judge.

This is an action for damages brought by the plaintiff, David Clark, against the defendant, Ann Hutchison, a minor, 19 years of age, for personal injuries accruing to the plaintiff by reason of defendant's negligence in the operation of her automobile. Plaintiff is a gasoline station attendant and the defendant is alleged to have driven her car alongside the platform and gasoline pump of the said station in a careless and reckless manner so that parts of the automobile protruded over the said platform and collided with the body of the plaintiff causing a painful injury to plaintiff's knee.

Plaintiff prayed for damages in the sum of $1,000 for pain and suffering and special damages of $235.69 for loss of wages and $690.50 for hospitalization and medical expenses.

A guardian ad litem was appointed for the defendant who entered a general denial and a plea of contributory negligence on behalf of the infant defendant.

The defendant through her guardian ad litem made a motion to strike from

the complaint the paragraph setting out the claim for hospitalization and medical supplies, which was overruled, and she thereupon amended her answer wherein she pleaded specially that the plaintiff had been paid the sums of $235.69 and $690.50, as set forth in his complaint, and that even if liability on the part of defendant be found, no loss has been incurred by the plaintiff.

A trial was had without jury on January 30, 1958, and the Court adjudged the defendant negligent and that the plaintiff was not negligent and permitted him to recover the sum of $200 for pain and suffering.

The matter of special damages was deferred and the parties entered into a stipulation wherein it was agreed among other things that:

(1) The $690.50 was paid directly from Workmen's Compensation Insurance to Gorgas Hospital by the insurance carrier and was never in plaintiff's possession, custody or control.

(2) The plaintiff received the $235.69 in issue as Compensation Benefits from the insurance carrier in lieu of wages and compensable time lost by reason of the injury, and

(3) If the Court should find the defendant liable that the award of the special damages be held in abeyance subject to the filing of memorandum of law.

Thereafter the attorney for the defendant filed a motion to substitute the Indemnity Insurance Company of North America, Philadelphia, Pennsylvania, alleging that it is an indispensable party plaintiff for the reason that (1) plaintiff has assigned all his right, title and interest to recover damages against the defendant to the aforesaid Insurance Company under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, § 33, Subsection (a), (b) and (i), 33 U.S.C.A. § 933(a, b, i) and, (2) the defendant has a defense against the Insurance Company that he cannot maintain against the prima facie legal owner, the plaintiff, Clark, in that the contract of insurance is void under Canal Zone Code, Title 3, Section 226.

## Conclusions of Law

It appears well settled, and it is not contested by the plaintiff, that the objection that an indispensable party has been omitted may be raised at any time by the trial or appellate court on its motion. Title 4, Section 145, Canal Zone Code.

Therefore, the only question that presents itself is whether or not the Indemnity Insurance Company of North America of Philadelphia, Pennsylvania, is an indispensable party, and this does not appear to be true.

The Canal Zone Code, Title 4, Section 122, provides that:

"Every action must be prosecuted in the name of the real party in interest."

The plaintiff in this case is a real party in interest and has the right to maintain the action in his own name.

Several cases in point have been cited in plaintiff's memorandum of February 5, 1958: Huber v. Henry J. Kaiser Co., 71 Cal.App.2d 278, 162 P.2d 693; Clough v. Schwartz, 94 N.H. 138, 48 A.2d 921; Cunnien v. Superior Iron Works Co., 175 Wis. 172, 184 N.W. 767, 18 A.L.R. 678; Roth v. Chatlos, 97 Conn. 282, 116 A. 332, 22 A.L.R. 1558. He has not assigned all of his "right, title, and interest" as he elected to receive only compensation for his loss of wages and medical expenses and to sue the defendant for the damages due for pain and suffering.

The fact that he has been compensated in part by an insurance carrier does not preclude him from prosecuting the action and making a complete recovery.

In United States v. Aetna Cas. & Surety Company, Decided December 12, 1949, in 338 U.S. 366, 70 S.Ct. 207, 215, 94 L. Ed. 171, the court in ruling on Rule 17 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which were specifically made applicable to Tort Claims litigation, and provides that "Every action

shall be prosecuted in the name of the real party in interest" stated:

"In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, Hall & Long v. Nashville & C. Railroad Companies, 1872, 13 Wall. 367, 20 L.Ed. 594; United States v. American Tobacco Co., supra [166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081], as was also true of suits on assignments, Glenn v. Marbury, 1892, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790. Mr. Justice Stone characterized this rule as 'a vestige of the common law's reluctance to admit that a chose in action may be assigned, (which) is today but a formality which has been widely abolished by legislation.' Aetna Life Ins. Co. v. Moses, 1933, 287 U.S. 530, 540, 53 S.Ct. 231, 233, 77 L.Ed. 477 * * *. Under the Federal Rules, the 'use' practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., 1856, 19 How. 312, 15 L.Ed. 656, and admiralty, Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 1889, 129 U.S. 397, 462, 9 S.Ct. 469, 479, 32 L.Ed. 788. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.

"*Although either party may sue,* the United States, upon timely motion, may compel their joinder. Delaware County [Com'rs] v. Diebold Safe & Lock Co., 1890, 133 U.S. 473, 488, 10 S.Ct. 399, 403, 33 L.Ed. 674 (applying a state code under the Conformity Act). 3 Moore, Federal Practice (2d Ed.) p. 1348. Both are 'necessary' parties. Rule 19(b), Federal Rules of Civil Procedure. The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim. *Additional parties may be added at any stage of the proceedings, on motion of the United States, upon such terms as may be just.* Rule 21.

"It is true that under this rationale, there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19 (b). In such cases the United States, like other tortfeasors, may have to defend two or more actions on the same tort and may be unable to assert counterclaims and offsets against the original claimant upon unrelated transactions." (Italics supplied.)

In the same case the Supreme Court in footnote 19 on page 382 of 338 U.S., on page 216 of 70 S.Ct. stated, in speaking of "necessary parties" under the Federal Rules of Civil Procedure:

"They are clearly not 'indispensable' parties under the familiar test of Shields v. Barrow, 1854, 17 How. [129], 130, 139, 15 L.Ed. 158, that such parties have 'an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.' "

The definition of an indispensable party given in 67 C.J.S. Parties § 1, p. 892 is:

"An indispensable party is a party who has such an interest in the controversy or subject matter that a

final adjudication cannot be made, in his absence, without injuring or affecting such interest."

In a further paragraph it states:

"A person is not an indispensable party, however, if his interest in the controversy or subject matter is separable from the interest of the other parties, so that it will not necessarily be directly or injuriously affected by a decree which does complete justice between them."

In final analysis, therefore, it appears that as the plaintiff, Clark, can prosecute the action in his own name without joining his subrogees then what would be the use of joining the insurance carrier against whom a technical defense might be raised. As plaintiff, Clark, can sue for the entire amount against the defendant, Hutchison, in spite of the fact that he has received compensation, it would be a nullity to permit defendant to join the insurance carrier merely for the purpose of establishing that the carrier itself could not collect because of failure to comply with the provisions of the Canal Zone Code as a corporation, if such be true.

A final decree as between plaintiff, Clark, and defendant can be made in complete absence of the subrogee, insurance carrier, which does complete justice between them with the possible exception that defendant may be subjected to further litigation by either the Caribbean Army and Air Force Exchange Service or the insurance carrier, Indemnity Insurance Company of North America in the event plaintiff, Clark, were to fail to reimburse the subrogees upon collection of the claims for damages, now that defendant has been notified that they are subrogees by the letter of September 20, 1957, written by John D. Arthur, Major, Quartermaster Corps (Defendant's Exhibit No. 1).

The Court deferred its decision on the question of the special damages at the hearing on January 30, 1958, and gave judgment for $200 to plaintiff for pain and suffering but it is now of the opinion that he is entitled to recover the sum of $690.50 for treatment, medicine, and hospitalization and the further sum of $235.69 for loss of wages and compensation and costs of this action.

If the defendant fears that she cannot protect herself from possible future litigation by reason of the subrogation of the employer and/or insurance carrier, the Court will entertain a motion to make them parties for the purpose of precluding double recovery and directing that they receive their proportionate share of the judgment rendered.